GEORGE W. BRAYTON, Individually and as Assignee, etc., Respondent, *v.* DARWIN W. SHERMAN, as Surviving Executor, etc., Impleaded, etc., Appellant.

*It seems,* where an appellant intends to review, at General Term, findings of fact based upon conflicting evidence, in relation to which no exception lies, it must appear by the case that the whole evidence is contained therein.

Where, however, an exception is filed to a finding of fact, as its only purpose is to bring up the question of law that there is no evidence tending to sustain the finding, it is for the respondent to see that all the evidence which tends in any way to support it, is contained in the case, and the question of law may be reviewed here without the statement in the case that it contains all the evidence.

(Argued December 19, 1889; decided January 14, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made May 27, 1889, which modified and affirmed as modified a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought by plaintiff, individually and as assignee, for the benefit of creditors of the firm of Sheldon & Lawlover, to recover from the executor of Augustus Sherman, deceased, the value of certain accounts, which, plaintiff

alleged, before the assignment, said firm had assigned and transferred to said Sherman in payment or as security for an individual debt of said Lawlover.

The court here say there is no evidence in the case showing either that the accounts so alleged to have been transferred were the property of the said firm or that they had been transferred by it or by Lawlover to Sherman.

The following is an extract from the opinion :

"This case does not state that the whole evidence is contained therein. This is necessary when the appellant intends to review before the General Term findings of fact based upon conflicting evidence, in relation to which no exception lies. In such a case we affirmed the propriety of the rule adopted in the Supreme Court, which refused to review questions of fact based upon conflicting evidence, unless the case contained the statement that all the evidence was returned. We affirmed the Supreme Court in such practice both because we thought it right and because the question more immediately concerned that court. (*Porter* v. *Smith*, 107 N. Y. 531.) But an exception filed to a finding of fact can only mean that it is intended to bring up the question of law, that there is not any evidence tending to sustain the finding. In that event it behooves the respondent to see to it that all the evidence which tends in any way to support such finding is contained in the case, and we can review the question of law raised by the exception, without the statement that the case contains all the evidence. This is said in response to the claim of the counsel for respondent that, as the case herein does not contain such statement, it will be presumed there was other and sufficient evidence given on the trial to support the finding of fact."

*Esek Cowen* for appellant.

*L. H. Northup* for respondent.

PECKHAM, J., reads for reversal and new trial.
All concur.
Judgment reversed.