ELIZABETH M. ALDRIDGE, Appellant, v. FREDERICK ALDRIDGE, Respondent.

When a case, on appeal to the General Term, shows an exception to a finding of fact and there is no statement that it contains all the evidence, the facts are not before said court for review; the only questions in regard to such finding it can review are those of law.

Where, therefore, in such a case, some evidence appeared to support the finding, and the General Term reversed the judgment and granted a new trial, certifying in its order that the reversal was on questions both of law and fact, held, error.

Also, held, it was no answer that the point was not taken at General Term; that it was not necessary to raise it there, as the exception to the finding and the absence of the certificate was notice to the respondent that the appellant intended to raise on the appeal to that court only questions of law.

It seems, an appellate court, having the power to review the facts, is not warranted in reversing upon the sole ground that, in its opinion, the trial court should have reached a different conclusion upon conflicting evidence; to justify a reversal it must appear that the findings are against the weight of evidence, or that the proofs so clearly predominate in favor of a contrary result that the trial court erred in its conclusion.

Where, therefore, in an action by a wife to set aside a transfer of title to lands from herself to her husband, made without consideration, the testimony was to the effect that while sick and in an enfeebled condition, she was subjected to continued persuasion and urgency, from which she finally sought relief in acquiescence in the wishes of her husband, and that, without awaiting her recovery or giving time for reflection or advice from any one except those who were pressing her to make the conveyance, late at night, an attorney was called in, the deed prepared and signed, held, the evidence sustained a finding of undue influence, and that a reversal, by the General Term, of the judgment based thereon, was error.

(Argued June 13, 1890; decided June 27, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 13, 1888, which reversed, "on questions of both law and fact," a judgment in favor of plaintiff entered upon the decision of the court on trial at Special Term, and granted a new trial.

The action was brought to set aside two deeds, one from plaintiff to defendant Adams and one from the latter to defendant Aldridge, which transferred certain real estate in the city of Brooklyn from the plaintiff to said defendant Aldridge, who was plaintiff's husband.

The grounds of the action were that the deed from the plaintiff was procured without consideration, by undue influence and at a time when she was sick and not conscious of the nature and character of her acts.

*Josiah T. Mareau* for appellant.     The conveyance was concededly without valuable consideration, was between husband and wife, and was executed under duress. (*Boyd* v. *De la Montaigne,* 73 N. Y. 502; *Cowee* v. *Cornell,* 75 id. 99, 100; *In re Smith,* 95 id. 522; *Green* v. *Roworth,* 113 id. 470, 471.) The case presented no statement that it contained all the evidence, and in such a case the General Term had no right to reverse the judgment on the facts. (*Murphy* v. *Bd. of Education,* 53 Hun, 171; *Porter* v. *Smith,* 107 N. Y. 531.)

*Samuel P. Potter* for respondent.     No undue influence was used in order to induce plaintiff to execute the conveyance to Mr. Adams.     Undue influence, to destroy and render nugatory the act of a party must amount to moral coercion, which restrains independent action, and destroys full agency, or importunity which the party was unable to resist. (*C. A. S.* v. *Loveridge,* 70 N. Y. 387; *Brick* v. *Brick,* 66 id. 145; *Rexford* v. *Rexford,* 7 Lans. 6.) It is always competent to show by the testimony of a professional witness the mental condition of a person whose act or deed is under consideration. (1 Phil. on Ev. 290; 1 Cowen & Hill's Notes, 759–762; *Carpenter* v. *Blake,* 2 Lans. 206; *Dunham's Appeal,* 27 Conn. 193; 2 Best on Ev. 868.)

BROWN, J.     The trial court found upon conflicting evidence that the deed from the plaintiff to George E. Adams was procured from her by the defendant, and said Adams, by fraud

and undue influence, practiced by them upon her, and that at the time she executed the same her condition of mind was such that she was not conscious of the nature of her act, and gave judgment in accordance with the prayer of the complaint.

The General Term reversed the judgment and granted a new trial, and has certified in its order that such reversal was on questions of both law and fact.

We are of the opinion that it was error for the General Term to reverse the judgment upon the record before it. The case contains an exception to the finding I have quoted, but no statement that all the evidence given upon the trial is contained within it.

The facts were not, therefore, before the General Term for review, and the only questions it could properly consider were those of law. (*Halpin* v. *P. Ins. Co.*, 118 N. Y. 165; *Brayton* v. *Sherman*, 28 N. Y. S. R. 854; *Porter* v. *Smith*, 107 N. Y. 531; *Howland* v. *Howland*, 20 Hun, 472; *Spence* v. *Chambers*, 39 id. 193; *D. S. M. Co.* v. *Best*, 50 id. 76; *Wellington* v. *C. C. & I. Co.*, 52 id. 408; *Murphy* v. *Bd. of Education*, 53 id. 171.)

It is said by the respondent that this point was not taken at the General Term. But it was not necessary that it should be raised there. The exception to the finding of fact and the absence of the certificate in the case on appeal was notice to the plaintiff that the defendant intended to raise on the appeal questions of law only, and he could not anticipate that a well-settled rule of practice would be overlooked by the General Term.

While this rule does not exist in the Code, it is now so firmly established by the decisions of the General Terms and of this court that it must be adhered to or the result will be great confusion in the preparation of cases on appeal.

The learned General Term that decided this case in the authority last above cited, in affirming a judgment of the Special Term, very appropriately said: "This rule is so well established that a respondent may properly rely upon it. And after a case has been made in a manner appropriate only

for a review of questions of law, to reverse a judgment upon the facts would be an injustice to the respondent, who has a right to rely upon the court enforcing the rule it has announced for the guidance of litigants."

But notwithstanding that we think the facts were not before the General Term for review we have carefully examined the evidence in the case and are of the opinion that within the rules that govern appellate courts in reviewing the determination of trial courts upon questions of fact, the General Term erred in reversing the judgment.

An appellate tribunal is not warranted in reversing upon the sole ground that, in its opinion, the trial court should have reached a different conclusion upon conflicting evidence. To justify a reversal it must appear that the findings were against the weight of evidence, or that the proofs so clearly predominated in favor of a contrary result that it can be said with a reasonable degree of certainty that the trial court erred in its conclusion. (*Baird* v. *Mayor, etc.,* 96 N. Y. 567.)

It was said in that case by the chief judge that "when there is evidence on both sides and the case is balanced, and the mind of the court has been called upon to weigh conflicting statements and inferences and decide upon the credibility of opposing witnesses, much weight must be accorded to the especial adaptation of the trial court to investigate and determine such questions. That a proper regard for the advantages possessed by that court in the disposition of questions affecting the credibility of witnesses and those depending upon the weight and authority of conflicting evidence requires a great consideration to be accorded to its opinion."

The General Term, in its opinion, gave no effect whatever to the finding of undue influence or to the evidence upon which that finding was based. It appears to have rested its decision upon the ground that the plaintiff, at the time of executing the deed, understood fully the nature of her acts.

But obviously this conclusion did not dispose of the case. The plaintiff claimed that she was unduly and unlawfully influenced by her husband and Adams to sign and execute the

deed. Upon this issue there was substantially no contradiction of the evidence offered by the plaintiff.

Whatever may have been the plaintiff's mental condition at the time of executing the deed, the proof was positive that while sick and in an enfeebled condition she was subjected to continued persuasion and urging, from which she finally sought relief in acquiesence in the wishes of her husband. "Anything you want, only let me alone," was the expression as testified to by Adams, which, wrung from her after hours of importunity, announced her consent to execute the instrument.

Without awaiting her recovery from her sickness, without time for reflection or opportunity to take counsel or advice from any person except those who were pressing her to this action, late at night an attorney was called in, the deed prepared and signed by plaintiff while she was supported in her bed by her sister. A deed executed under such circumstances cannot be said to be the result of free action.

It was the product of importunity which the plaintiff, in her weak condition, was unable to resist, which destroyed her independent action and amounted to moral coercion.

It is unnecessary to refer in detail to the evidence which has controlled our judgment or to say more than that after a careful examination of the record we think the findings of the Special Term were supported by the weight of testimony, and giving full effect to the opportunity that court had to hear the evidence and observe the manner of the witnesses, we think its conclusion should control the final disposition of the case.

The order of the General Term should be reversed and the judgment of the Special Term affirmed, with costs.

All concur; FOLLETT, Ch. J., concurring on first ground only.

Order reversed and judgment affirmed.