## GUION *v.* MUNDY.

*(Common Pleas of New York City and County, General Term.* April 4, 1892.)

1. REVIEW ON APPEAL—SUFFICIENCY OF EVIDENCE.

A case on appeal contained the statement: "This case does not contain all the evidence taken at the trial. There was additional evidence for the defendant which was cumulative." *Held,* that this did not exclude the presumption that evidence for plaintiff, which did not appear in the case, sustained the facts found by the referee, and the appellate court could not inquire as to the sufficiency of the evidence to support such findings.

2. SAME.

An affirmative defense, pleaded as such, consisted of the making of an alleged agreement by plaintiff. The only evidence of such agreement was the testimony of defendant thereto, and testimony of witnesses to admissions by plaintiff, and her silence when the alleged agreement was mentioned in her presence. *Held,* that this was not sufficient to require the appellate court to disturb the findings of a referee in favor of plaintiff.

Appeal from judgment on report of referee.

Action by Emily Guion against William H. Mundy for money loaned. Defendant appeals from a judgment for plaintiff entered on the report of a referee. Affirmed.

The action was brought to recover money loaned by plaintiff to the defendant, her attorney, the defenses being that, by the terms of an alleged agreement, no accounting was to be had between the parties until the determination of a certain litigation pending at the time of the commencement of this action, and of the trial, and that the sum loaned was, pursuant to plaintiff's directions, applied to the payment of expenses incurred by the defendant, and

services rendered by him at the request of the plaintiff. The answer also contained a counter-claim for the value of such services and the amount of such expenses.

Argued before ALLEN, BISCHOFF, and PRYOR, JJ.

*William H. Mundy,* for appellant. *Richard W. Newhall,* for respondent.

BISCHOFF, J. At the end of the case on appeal there appears the following: "This case does not contain all the evidence taken at the trial. There was additional evidence for the defendant, which was cumulative." Obviously, this does not exclude a presumption that evidence for the plaintiff, which does not appear in the case, abundantly sustained the facts found by the referee, and the absence of a statement that the case contains all the evidence precludes us from all inquiry as regards the sufficiency of the evidence to support those facts. *Aldridge* v. *Aldridge,* 120 N. Y. 614, 616, 24 N. E. Rep. 1022. The facts found being conclusive upon us, and amply sustaining the referee's conclusions of law, we are left to examine the exceptions taken by defendant upon the trial for ground for reversal of the judgment appealed from. At the close of the testimony defendant moved to dismiss the complaint on the sole ground that it then appeared that plaintiff was precluded from maintaining this action because of her alleged agreement to forbear the collection of the sum loaned to the defendant until after the determination of the pending appeal in the Wellman litigation, and that it should be first applied by the defendant in discharge of the obligation of one of the sureties on said appeal, as such. This motion was denied, and properly. The making of this alleged agreement constituted an affirmative defense, and was pleaded as such, and to have authorized a nonsuit, or dismissal of the complaint, it was incumbent upon defendant to have established it by undisputed and unimpeached evidence, or by a clear preponderance of the evidence. The contrary, however, appears. No written assent on the part of the plaintiff to such an agreement was produced, and she denied emphatically that she ever made or authorized it, or that she knew at any time that it was entered into on her behalf. For the defendant the evidence relied upon to establish the alleged agreement consisted of his own testimony, which, in itself, was liable to discredit, because that of an interested party, and the testimony of several witnesses to admissions alleged to have been made by her, and her silence when such an arrangement was mentioned in her presence. Taken as a whole, the testimony of these witnesses is of such an unsatisfactory character that, within the rule laid down in *Baird* v. *Mayor, etc.,* 96 N. Y. 567, the conclusion of the referee respecting its credibility ought not to be disturbed. Of the four remaining exceptions none are discussed upon appellant's brief, nor were they referred to on the argument of the appeal, and, upon examination, they appear to be too frivolous to merit discussion. The judgment appealed from should be affirmed, with costs. All concur.