### HOPKINS v. MARLETTE.

(*Supreme Court, General Term, Fourth Department.* September, 1892.)

APPEAL—REVIEW—WEIGHT OF EVIDENCE.

The conclusion of the referee on conflicting testimony will not be disturbed unless it is clearly against the weight of evidence.

Appeal from judgment on report of referee.

Action by William L. Hopkins against Menzo Marlette, as surviving administrator of Maria Harrison, deceased, to recover the amount of a promissory note alleged to have been made by defendant's intestate. From a judgment in favor of plaintiff entered on the report of a referee, and from an order denying defendant's motion to set aside and vacate the report of the referee, and from an order of confirmation of the referee's report, defendant appeals. Affirmed.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*W. H. Johnson* and *Melville Keyes*, for appellant. *S. S. Edick* and *C. F. Mayham*, for respondent.

HARDIN, P. J. Upon the hearing before the referee the plaintiff produced a promissory note in the following words: "LAURENS, April 21, 1883. One day from date, for value received, I promise to pay Wm. L. Hopkins, or bearer, one thousand dollars, with interest, payable at my death. [Signed] MARIA HARRISON." Recently, in two cases decided by the court of appeals, such an instrument had been held to be a valid promissory note. *Carnwright* v. *Gray*, 127 N. Y. 92, 27 N. E. Rep. 835; *Hegeman* v. *Moon*, 131 N. Y. 462, 30 N. E. Rep. 487.

1. Whether the note was genuine or not was made one of the principal questions upon the hearing before the referee. On either side much evidence bearing upon that question was produced. The referee saw and heard the witnesses, and reached a conclusion upon their conflicting statements; and, applying the rule governing appellate courts in review of such findings upon evidence conflicting and contradictory, like that found in the appeal book, we do not feel at liberty to disturb his conclusion. *Baird* v. *Mayor*, 96 N. Y. 576; *Aldridge* v. *Aldridge*, 120 N. Y. 617, 24 N. E. Rep. 1022; *Bank* v. *Gove*, 57 N. Y. 598. In *Aldridge* v. *Aldridge, supra*, it was said that "to

justify a reversal it must appear that the findings were against the weight of evidence, or that the proofs so clearly predominated in favor of a contrary result that it can be said with a reasonable degree of certainty that the trial court erred in its conclusion."

2. We are of the opinion that the rulings made by the referee and the exceptions taken thereto present no prejudicial error. The questions of fact and the rulings made by the referee are quite satisfactorily discussed in the opinion of PARKER, J., delivered at the September special term, in Tioga, in deciding the motion to set aside the report of the referee.

3. No question was made before the special term last mentioned, nor is any made by the appellant in the brief before us, as to the award of costs in this action, and we therefore do not pass upon that question. Judgment and orders affirmed, with costs. All concur.