(4 Misc. Rep. 141.)

GREEN v. ROWORTH et al.

(Common Pleas of New York City and County, General Term. June 5, 1893.)

MOTION FOR NEW TRIAL AT GENERAL TERM—RECORD.

A motion for a new trial of an issue of fact made at general term (Code Civil Proc. § 1001) will be dismissed where the record fails to show.

that the case and exceptions on which the motion is made were "settled and signed by the judge or referee by or before whom the action was tried," as is required by Code Civil Proc. § 997.

Motion for new trial on exceptions.

Action by Emma T. Green, administratrix of the estate of William Roworth, deceased, against Joseph G. Roworth and others, to set aside a conveyance of both real and personal property on the ground of fraud.    Plaintiff had judgment on a trial by the court without a jury, and defendants now move at general term for a new trial on exceptions, as provided by Code Civil Proc. § 1001. Motion dismissed.

Argued before BISCHOFF, PRYOR, and GIEGERICH, JJ.

Dillaway, Davenport & Leeds, (John S. Davenport, of counsel,) for plaintiff.

Thomas Darlington, for defendants.

BISCHOFF, J.    Section 1001 of the Code of Civil Procedure authorizes a motion at general term, after interlocutory judgment has been entered, for a new trial of an issue of fact tried by the court without a jury, or by a referee, when exceptions taken to rulings on the trial are thus sought to be reviewed.    Section 997, however, requires that the motion be made upon a case and exceptions, which must be settled and signed by the judge or referee by or before whom the action was tried, as prescribed by the general rules of practice.    See rule 32.    Obviously the approval of the case to be presented to the general term is required to afford the judge or referee before whom the action was tried opportunity to direct the insertion of omitted evidence which appeared on the trial, and may be necessary in support of the rulings which the general term is asked to review on the motion for a new trial.    Brayton v. Sherman, 119 N. Y. 623, 23 N. E. Rep. 471; Halpin v. Insurance Co., 118 N. Y. 165, 23 N. E. Rep. 482.    We are unable to ascertain from the case submitted to us for the purposes of this motion that it was settled and signed as required by the Code, and the motion must, for that reason, be dismissed.    Dwight v. Railroad Co., (Sup.) 8 N. Y. Supp. 789.    Motion dismissed, with costs.    All concur.