(6 Misc. Rep. 130.)

### GREEN v. ROWORTH et al.

(Common Pleas of New York City and County, General Term. December 4, 1893.)

NEW TRIAL—TIME OF MAKING MOTION—INTERLOCUTORY JUDGMENT.

    Code Civil Proc. § 1001, provides that a motion for a new trial for the purpose of reviewing an interlocutory judgment must be made before the commencement of the hearing directed by the judgment. *Held* that, where a motion for a new trial of an application for the appointment of a referee, which was dismissed for failure to settle a case and exceptions, was not made until after the hearing before the referee had commenced, a motion to vacate the order of dismissal, and for a hearing of the motion for a new trial on the merits, will not be entertained.

Action by Emma T. Green, administratrix, against Joseph G. Roworth and others. An order of reference was made, and defendant's motion for a new trial of the application therefor was dismissed. Defendants now move to vacate the order of dismissal, and to hear the motion for a new trial on the merits. Denied.

Argued before BISCHOFF and PRYOR, JJ.

John S. Davenport, for plaintiff.
Thomas Darlington, for defendants.

BISCHOFF, J. Defendants sought a review of the interlocutory judgment entered herein by motion for a new trial upon a case and exceptions at general term, pursuant to the provisions of section 1001 of the Code of Civil Procedure; and upon the hearing the motion was dismissed, because the case did not purport to have been settled and signed by the trial judge, as required by the Code and the general rules of practice. Green v. Roworth, 4 Misc. Rep. 141, 23 N. Y. Supp. 777. Defendants now move to have the order of dismissal vacated, and to have the motion for a new trial determined

upon the merits, because the case has since been settled and signed as required. Obviously the present motion is addressed to the discretion of the court, and if it appears that, in any event, the motion for a new trial must be dismissed, this discretion should not be exercised in defendants' favor. It appears from the affidavit of Mr. Davenport, one of plaintiff's counsel, in opposition to the present motion, that the hearing on the reference directed by the interlocutory judgment was noticed for March 7, 1892, and that it was proceeded with at that time. This is nowhere challenged. It likewise appears from the affidavit of Mr. Darlington, defendants' counsel, that the motion for a new trial was not made until March 14, 1892, seven days after the hearing before the referee had commenced. Section 1001 of the Code of Civil Procedure is explicit that a motion for a new trial, for the purposes of reviewing an interlocutory judgment, must be made before the commencement of the hearing directed by the judgment. Defendants' motion for a new trial was therefore not made in season, and upon that ground we cannot entertain and determine it. Church v. Kidd, 3 Hun, 254; Bank v. Morton, 42 N. Y. Super. Ct. 124; Baylies, New Trials, p. 515. Motion denied, with costs.