DETERMINED IN THE

# FIFTH DEPARTMENT

AT

## GENERAL TERM,

### January, 1894.

---

REBECCA B. EVANS, Respondent, *v.* JENNIE A. HOWELL, Appellant,
Impleaded with Another.

*Findings of fact — designated as "conclusions of law" — review of, at General
Term — case not containing all the evidence.*

The General Term is not permitted to review findings of fact when the appeal
book does not purport to contain all the evidence.

When, on appeal from a judgment in favor of the plaintiff entered on the report of
a referee, the appeal book does not purport to contain all the evidence, and there
was no request by the defendant to find any fact in support of the defense
interposed, the General Term is confined to the inquiry whether the findings of
fact actually made support the conclusions of law reported by the referee, and
these, in turn, the judgment directed by him.

Findings of fact, in a referee's report, will be given effect as such on appeal,
although they may stand in the report under the designation of conclusions of
law.

APPEAL by the defendant, Jennie A. Howell, from a judgment
of the Supreme Court in favor of the plaintiff, rendered at Special
Term and entered in the office of the clerk of Livingston county
on the 13th day of June, 1892, upon the report of a referee.

*G. W. Daggett*, for the appellant.

*T. J. Gamble*, for the respondent.

DWIGHT, P. J.:

The action was to foreclose a contract of purchase and sale of real
estate. The defense was usury. The issue was, therefore, neces-

sarily one of fact, with the burden of proof on the defendants. But we are not permitted to review the findings of fact for the reason that the appeal book does not purport to contain all the evidence given on the trial (*Aldridge* v. *Aldridge*, 120 N. Y. 614); nor was there a request by the defendants to find any fact in support of the defense.

We are, therefore, shut up to the inquiry whether the findings of fact actually made support the conclusions of law reported by the referee, and these, in turn, the judgment directed by him. And here it is to be observed that there is in the findings of fact — so denominated — no finding upon the question of the corrupt and usurious agreement between the parties, which is averred in the answer of the defendants, but all the affirmative facts are found which would entitle the plaintiff to the relief demanded in her complaint. Probably, in the absence of any request to find on the issues raised by the answer, the findings mentioned were sufficient to support the formal conclusions of law and the direction of judgment in favor of the plaintiff. But in that part of the report which is denominated "conclusions of law" we discover findings which amply negative the averments of the answer; they are as follows:

*Second.* That the transaction between the plaintiff and the defendant Jennie A. Howell was a purchase and sale and not a loan, and the same was not usurious.

*Third.* That no agreement for the loan of money at a usurious rate of interest was ever made by the plaintiff with the defendants, or either of them.

*Fourth.* That no agreement for the loan of money was ever made by the plaintiff with the defendants, or either of them.

These are, undoubtedly, findings of fact and will be given effect as such notwithstanding the designation under which they stand in the report. (*Sherman* v. *The Hudson R. R. R. Co.*, 64 N. Y. 254; *Matter of Clark*, 119 id. 427.)

No exception taken on the trial is presented in the argument of counsel for the appellant, and none seems to require discussion here.

The judgment appealed from should be affirmed, with costs.

Lewis, Haight and Bradley, JJ., concurred.

Judgment appealed from affirmed, with costs.