82   73
12ap179

JOSEPH I. SAYLES and Others, Respondents, *v.* NICHOLAS J. DE GRAFF and Others, Appellants.

*Referee's findings — appeal therefrom — parties liable to an attorney for services rendered and disbursements made.*

The findings of a referee on questions of fact should not be disturbed unless it appears that the proof so clearly preponderates in favor of a contrary conclusion that it can be said with reasonable certainty that the referee erred in his conclusions.

Where a person comes to the office of an attorney to consult with him in regard to a case, and informs the attorney that he comes as a representative of certain parties who are prosecuting the case, and will pay the attorney for his services, and the attorney afterwards sees such parties and communicates to them what he has been told by such person, and they practically concede that such statement is correct and promise to pay the attorney for the services he may render and the disbursements he may make in the case, the attorney is entitled to recover for his services rendered and disbursements made in the case against the persons prosecuting the same.

APPEAL by the defendants, Nicholas J. De Graff and others, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Oneida on the 9th day of March, 1894, upon the report of a referee.

*Houston & Herrick,* for appellants O'Connor and Perry.

*Ed. J. Maxwell,* for appellants Clute, Siver and De Graff.

*Sayles, Searle & Sayles,* for the respondents.

MARTIN, J.:

This action was brought to recover for professional services performed by the plaintiffs and for disbursements paid by them in the case of *The People ex rel. Ballou* v. *Wendell.*

The plaintiffs were lawyers doing business under the firm name of Sayles, Searle & Sayles at the city of Rome, N. Y. The testimony of Joseph I. Sayles, one of the plaintiffs, was to the effect that the defendant Clute came to the plaintiff's office to consult with him in regard to that case; that he was then informed by Clute that he came as the representative of the defendants; that they, the defendants, were prosecuting the case and would pay him for his services; that afterwards he saw the other defendants and communicated to them what Clute had said; that they practically conceded that his statement was correct, and that they promised to pay for such services and disbursements as should be rendered and made in that case.

If the evidence of this witness is to control, and the referee was authorized to give credit to his evidence, notwithstanding the evidence of the defendants, which was in direct conflict with it, then he was justified in making the findings and directing the judgment herein.

There was a direct and sharp conflict between the evidence of the witness Sayles and the witnesses called by the defendants. Several of the defendants were sworn as witnesses, and positively denied the truth of the testimony given by the witness Sayles as to the essential facts testified to by him as a basis for the recovery herein. If the evidence of the defendants was true, then obviously the judgment in this action is wrong. On the other hand, if the witness Sayles testified correctly as to what occurred, the judgment was authorized and should be sustained.

Upon this conflicting evidence the referee has found in favor of the plaintiffs. His findings should not be disturbed, unless it appears that the proof so clearly preponderates in favor of a' contrary conclusion that it can be said with reasonable certainty that the referee erred in his conclusions. (*Baird* v. *Mayor, etc., City of N. Y.,* 96 N. Y. 567; *Lowery* v. *Erskine,* 113 id. 52, 55; *Aldridge* v. *Aldridge,* 120 id. 614, 617; *Devlin* v. *Greenwich Savings Bank,* 125 id. 756; *The Phœnix I. Co.* v. *" Hopatcong" and " Musconetcong,"* 127 id. 206, 212; *Barnard* v. *Gantz,* 140 id. 249, 253.)

While the evidence in this case would have fully justified the referee in finding in favor of the defendants, still, we think he had the right to rely upon the plaintiff's testimony, and that under the rule stated we should not disturb the findings of the referee or the judgment entered thereon.

The appellants' claim, that the defendants were acting for the veterans of Montgomery county, and that the action should have been brought and could have been maintained against them as an association, we think cannot be sustained. 1. The proof of the plaintiffs was to the effect that they were not employed by any association, but by the defendants, who agreed to pay them for their services and disbursements; and 2. An action could not have been maintained against the veterans of Montgomery county as an unincorporated association. (*McCabe* v. *Goodfellow,* 133 N. Y. 89.)

The judgment must be affirmed, with costs.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment affirmed, with costs.