DELIA F. SHELDON, as Administratrix, etc., of ALEXANDER E.
SHELDON, Deceased, Respondent, *v.* ISAAC E. SHELDON and
Another, Appellants, Impleaded with Others.

*Evidence inadmissible under Code of Civil Procedure,* § 829 — *competency of declarations of a decedent made to a third party — will providing for the continuance of a loan.*

In an action brought to establish a partnership and the title of the plaintiff's
intestate in the co-partnership assets, the defendant is incompetent under the
provisions of section 829 of the Code of Civil Procedure to testify in regard to
personal transactions had between himself and a deceased person from whom
the plaintiff's intestate to some extent derived title.

The declarations of a deceased person are, as a rule, incompetent to bind one who
was not present when they were made.

The will of a testator declared that it was his wish that all the part of his estate
which at his decease should be represented by a loan in a business conducted by
his sons should be allowed to remain so loaned to said firm, at interest, for so
long a time as said firm should continue with its then present capital invested.

In an action brought by the administratrix of one of the sons of the testator to
establish the existence of a partnership between her intestate and the other sons
of the testator,

*Held,* that the retaining of the money in the business by the authority of the will,
in the absence of any disclaimer, would operate as an admission of the existence
of the partnership, and that the will was competent evidence against the
defendants.

APPEAL by the defendants, Isaac E. Sheldon and another, from
portions of an interlocutory judgment of the Supreme Court in
favor of the plaintiff, entered in the office of the clerk of the
county of Kings on the 9th day of July, 1894, upon the report of a
referee, adjudging that the plaintiff's intestate was a member of the
firm of Sheldon & Co., that his estate is entitled to a share in the
assets of such partnership, directing an accounting and appointing a
receiver.

*Josiah T. Marean* and *Henry M. Requa, Jr.,* for the appellants.

*James McKeen* and *Thomas B. Hewitt,* for the respondent.

CULLEN, J. :

This is an appeal from an interlocutory judgment entered on the
report of a referee. The action is brought to establish a partner-

ship between the plaintiff's intestate and the defendants, Isaac E. Sheldon and William D. Sheldon, and to compel the defendants to account as surviving partners for the assets of the partnership. The defendants denied the partnership. The referee, by his decision, found the partnership to have existed, and directed the defendants to account.

An examination of the evidence convinces us that the decision of the referee on the question of fact was correct. To say the least, it is clear that there is no such preponderance of evidence in favor of the appellants as is requisite to justify this court in reversing his findings. (*Barnard* v. *Gantz*, 140 N. Y. 249; *Aldridge* v. *Aldridge*, 120 id. 614.)

In fact, the learned counsel for the appellants scarcely asks us to reverse the judgment on these grounds, but confines his argument to alleged errors of the referee in the exclusion and admission of evidence. It is, therefore, unnecessary for us to enter into any general review of the evidence in the case, but we shall confine our discussion solely to the alleged errors on the trial.

The first error contended for is the exclusion of the evidence of the defendant Isaac Sheldon as to conversations had between him and Shailer at the time Shailer withdrew from the firm of Sheldon & Co., and assigned his interests in the business and stock in trade of the firm of Sheldon & Co. to Smith Sheldon, Isaac E. Sheldon, Alexander F. Sheldon and William D. Sheldon. This assignment was in writing, under the hands and seals of the parties. It contained a recital that Alexander and William had been admitted into the partnership of Sheldon & Co.

The defendant offered to prove by his own testimony that at the time of the execution of this agreement he told Shailer that the recital was incorrect, and that Alexander and William had not been admitted as partners; that Shailer replied that he wanted all of them bound by the agreement in that form.

Before the time of the trial Shailer had died. The evidence was objected to and excluded, both on the ground that the witness was incompetent to prove the fact under section 829 of the Code of Civil Procedure, and also that the conversation itself was incompetent.

We think that both the grounds of the objection are good. The action seeks to establish a partnership and the title of the plaintiff's

intestate in the co-partnership assets. This assignment operated to transfer to Alexander a share of the interest theretofore held by Shailer; hence the plaintiff to some extent derived title from Shailer, and the defendant was not competent to testify to a personal transaction with him.

We think, further, that the declarations made by the defendant to Shailer in the absence of Alexander were wholly immaterial and incompetent to bind Alexander.

The next error claimed is as to similar rulings in excluding personal conversations between the defendant Isaac and Smith Sheldon, who also had died before the trial. Smith Sheldon was the father of the other three partners.

Till the time Shailer retired the firm of Sheldon & Co. was composed of himself and the defendant Isaac and Smith Sheldon; afterwards the father, Smith Sheldon, retired, leaving his capital in the business, apparently as a loan.

It is claimed by the plaintiff that thereafter her intestate and the defendants were partners, owning the assets in this proportion: Isaac a half, William a quarter, Alexander, her intestate, a quarter.

The defendant Isaac E. Sheldon sought to prove by his own testimony conversations between himself and the father, Smith Sheldon, going to show that neither Alexander nor William were partners in the business. This testimony was excluded on the same grounds upon which the testimony of conversations with Shailer were excluded.

We think the ruling was correct for the reason we have before expressed.

Unquestionably if Alexander became a partner to the extent of a quarter, his interests in the assets to that extent came in part from his father; we think, therefore, that the witness was incompetent to testify to such conversations, and also that such conversations themselves, held in the absence of Alexander, were inadmissible to affect his rights.

The will of Smith Sheldon was admitted in evidence over the defendants' objection and exception. By that will he appointed his sons, Isaac, Alexander and William, and his daughter, Margaret Thompson, executors and trustees, and declared that it was his wish that all the part of his estate which at his decease should remain in

the book publishing business " as conducted in the city of New York, by my said sons, Isaac E. Sheldon, Alexander E. Sheldon and William D. Sheldon, and known as the firm of 'Sheldon & Co.,' as a loan to said firm; be allowed to continue and remain so loaned to said firm at legal interest and for so long a time as the said firm, with at least its then present capital therein invested by my said sons, shall continue."

It is conceded by all the parties that at this time the father had withdrawn from the partnership, and that the part of his estate which was in the firm was there in reality as a loan.

That the declarations made in the will of the father as to who constituted the firm of Sheldon & Co. were not of themselves evidence against the defendants is not questioned. But it was further shown that for many years this money had been allowed to remain as a loan to the firm.

The only authority given by the will was to loan to a firm composed of all three sons. The defendants having taken advantage of this provision of the will, would have been estopped as between themselves and the daughter from denying the liability of all. As between themselves there might be no estoppel, but the retaining of the money would certainly operate as an admission in the absence of any disclaimer, and, therefore, was competent evidence against them.

The letters and statements found by the plaintiff in her husband's papers after his decease were competent. They were proved to have been in the handwriting of the defendants, and it must be presumed that the deceased obtained them properly. The type-written statement given the plaintiff's son by the defendant Isaac was sufficiently identified at least to justify its admission in evidence for the referee to determine as matter of fact whether it was the original paper.

We have thus examined the various exceptions taken on the trial, and in our opinion none are well founded.

We think that the questions of whether the defendants are to be charged with the whole sum paid on the final sale of the firm's business, or whether the defendant Isaac is to be allowed some part thereof as a consideration of his covenant to abstain from thereafter competing in business with his vendee, do not arise on this appeal.

The referee has not passed on the question, nor does the judgment decide it. The judgment decrees that the plaintiff's intestate was the owner of one-fourth of the assets of the firm and of the profits, and directs that the defendants account for the same. On such accounting the question now sought to be raised will be determined.

The judgment appealed from should be affirmed, with costs.

PRATT, J., concurred.

Judgment affirmed, with costs.