(14 Misc. Rep. 309.)

### HEDGES v. POLHEMUS et al.

(Common Pleas of New York City and County, General Term. November 4, 1895.)

1. APPEAL—CAUSE TRIED BY COURT—FAILURE TO TAKE EXCEPTIONS.

In an action tried by the court the conclusions of the trial judge are not reviewable unless exceptions have been taken and filed as prescribed by Code Civ. Proc. §§ 994, 1022, 1346.

2. SAME—WHAT AMOUNTS TO EXCEPTIONS.

A note in the extract from the clerk's minutes of the trial that "defendant's attorney excepts" to the court's direction of judgment for plaintiff is not equivalent to the "exception" to a ruling (Code Civ. Proc. § 994) on which a party may obtain a review of the decision.

3. SAME—REVIEW ON FACTS—CERTIFYING THAT CASE CONTAINS EVIDENCE.
    A review on the facts cannot be had unless the case contains a cer-
tificate that it embodies all the evidence.
4. SAME—CERTIFYING CASE
    A case on appeal is fatally defective unless it is certified by the trial
judge as required by Code Civ. Proc. § 997.

Appeal from equity term.

Action by Job E. Hedges, receiver in supplementary proceedings, against Horace G. Polhemus and others, to have a chattel mortgage given to defendant John Polhemus by defendant F. E. Kenney declared null and void as against the mortgagor's creditors, and to subject the property mortgaged, or the proceeds thereof, to the payment of the judgments under which plaintiff was appointed receiver. There was a judgment in favor of plaintiff (30 N. Y. Supp. 556), and defendants appeal. Affirmed.

Argued before DALY, C. J., and BOOKSTAVER and BIS-CHOFF, JJ.

James Parker, for appellants.
Charles M. Earle, for respondent.

BISCHOFF, J.    Unfortunately for the position assumed by the appellants, their appeal fails to bring before the general term any question, either of law or fact, touching the merits of the action. An inquiry as to whether the conclusion of the trial judge was correct as matter of law could have only been called for by an exception taken and filed as prescribed by the Code of Civil Procedure (sections 994, 1022, as amended 1894, and section 1346), which step the appellants omitted from their practice. The result is that the only questions of law presented for our determination are those raised by exceptions taken to rulings upon the trial. Mayor, etc., v. Erben, 24 How. Prac. 358. The note in the extract from the clerk's minutes of the trial that "defendants' attorney excepts" to the court's direction of judgment for the plaintiff is not equivalent to the exception required by the statute, and in an action tried by the court without a jury, at all events, no question of law is thereby raised (Code Civ. Proc. §§ 994–996), even if such an exception were in any case availing for the assignment of error. See Grier v. Hazard, Hazard & Co. (Com. Pl.) 14 N. Y. Supp. 784; Dearing v. Pearson, 8 Misc. Rep. 269, 28 N. Y. Supp. 715; Gundlin v. Packet Co., 8 Misc. Rep. 291, 28 N. Y. Supp. 572. Further, the facts are not before us because of the omission from the case of a certificate that the evidence, as there embodied, is complete. Porter v. Smith, 107 N. Y. 531, 14 N. E. 446; Aldridge v. Aldridge, 120 N. Y. 614, 24 N. E. 1022. There is a further defect, in that the case does not appear to be certified by the trial judge in accordance with section 997 of the Code. See Green v. Roworth, 4 Misc. Rep. 141, 23 N. Y. Supp. 777.

The only exception urged by the appellants is that taken to the exclusion of certain evidence. The issue in the action was solely as to the validity of a chattel mortgage, the suit being brought by a receiver appointed in supplementary proceedings in the interests of certain judgment creditors of the mortgagor to set aside the instru-

ment.  Upon cross-examination of one of these creditors he was asked by appellants' counsel, "Did you not subsequently take a chattel mortgage yourself for this indebtedness?" and an exception was taken to the exclusion of the question for immateriality.  The claim in suit being based solely upon the judgments obtained by the creditors, and the defendants' position being rested exclusively upon the validity of the mortgage before the court, as was admitted by counsel, the evidence was certainly immaterial when offered.  Upon this appeal it is urged that bad faith on the part of the creditors in taking a mortgage similar to that in suit could have been shown, but, be this as it may, there was no error in the rejection of the evidence called for by the question as framed, regard being had to the attitude of counsel upon the trial.

The judgment should be affirmed, with costs.  All concur.