MORTIMER STIEFEL, as Receiver of THE NEW YORK NOVELTY COMPANY, Appellant, *v.* NEW YORK NOVELTY COMPANY, Defendant.·

SOPHIA SCHWAB and Others, Respondents.

*An exception is necessary to a review of a decision, permitted by section 1022 of the Code of Civil Procedure.*

Where the court or referee has filed a decision, provided for by section 1022 of the Code of Civil Procedure, concisely stating the grounds upon which the issues have been decided, the Appellate Division has no power to review either the facts or the law of the case unless exceptions have been filed to the decision.

APPEAL by the plaintiff, Mortimer Stiefel, as receiver of the New York Novelty Company, from a judgment of the Supreme Court in favor of the defendants Sophia Schwab and others, entered in the office of the clerk of the county of New York on the 24th day of March, 1896, upon the decision of the court rendered after a trial at the New York Special Term dismissing the complaint.

*Edgar J. Lauer*, for the appellant.

*Benjamin Tuska* and *Edwin T. Taliaferro*, for the respondents.

PER CURIAM:

It appearing upon an examination of the record that no exception has been filed to the decision, as provided for by section 1022 of the Code, this Appellate Division has no power to review any question of law or fact which might otherwise have been presented upon this record. This rule seems to be laid down by the Court of Appeals in the case of *Otten* v. *Manhattan Railway Co.* (150 N. Y. 395), in which the court holds that it is by virtue of this exception alone that the Appellate Division has power to review either the facts or the law in a case where the court or referee has filed a decision concisely stating the grounds upon which the issues have been decided.

Under these circumstances we think that the appellant should be allowed an opportunity to apply to the Special Term for leave to file such exception *nunc pro tunc*. The decision of this appeal should

be suspended a sufficient length of time to enable the appellant to make such application.

Present — VAN BRUNT, P. J., WILLIAMS, PATTERSON, O'BRIEN and INGRAHAM, JJ.

Decision suspended to enable appellant to apply to the Special Term for leave to file exceptions *nunc pro tunc.*