(21 Misc. Rep. 321.)

## MAY v. MENTON et al.

### (Supreme Court, Appellate Term. October 1, 1897.)

1. APPEAL—SUFFICIENCY OF EVIDENCE—EXCEPTIONS.

Under Code Civ. Proc. § 1022, failure to file an exception, as there provided, to the decision of the court, confines the appellate court to the examination of such alleged errors as may be presented by proper exceptions taken to rulings made upon the trial.

2. TRIAL—SUPPLYING PROOF FOR ADVERSE PARTY.

If a defendant moves to dismiss the complaint for a defect in plaintiff's proof, and after denial and exception he supplies the necessary evidence himself, he thereby obviates the defect, and cannot urge it on appeal.

3. PLEADING—VARIANCE—WAIVER.

A defendant cannot, on appeal, urge a variance between plaintiff's pleading and proofs, where he allowed the proofs to be admitted without objection at the trial.

Appeal from city court of New York, general term.

Action by William M. May against Dennis J. Menton and others to enforce a mechanic's lien upon the premises 503 to 507 West Fiftieth street. From a judgment of the general term of the city court (45 N. Y. Supp. 1047) affirming a judgment entered in plaintiff's favor on the decision of a judge without a jury, defendants appeal. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

James J. Fitzgerald, for appellants.

Coffin & Smith, for respondent.

DALY P. J. The plaintiff made a contract with one Menton to supply, for $775, tinwork in the erection of buildings, under a contract between Menton and the owner, Ruth Ann Wallace, and for the balance remaining unpaid under his employment filed a mechanic's lien. The lien was discharged by the giving of a bond, with sureties, under the statute, and this action was brought to establish the lien, and to recover a personal judgment against the contractor and the sureties. The defendants interposed a general denial, and the trial was had by the court and a jury, the latter finding upon the special question submitted by the court, and the justice, after the receipt of the verdict upon the question submitted, giving judgment upon the issues generally in plaintiff's favor. The defense developed on the trial was that the tin furnished by the plaintiff under his contract with Menton was inferior to the tin required by the written contract between Menton and the owner. This was conceded, but the plaintiff gave evidence to show that the tin he furnished was according to his contract with Menton, who selected it on account of its cheapness, and that Menton was the agent of the owner, and that her architect permitted the tin to be used without objection, and that she deducted the difference in price in settling with Menton. Menton denied the alleged arrangement for inferior tin, but that question was submitted to the jury, with the result that they found in favor of the plaintiff. The justice, in his decision, places his determination in plaintiff's favor on the ground that the material was furnished

with the consent of the owner. It was also proved that there was a sufficient sum due from the owner to the contractor, when the lien was filed, to satisfy the latter.

If any objection might be taken to this decision upon the evidence, it is not available to the defendants, because they filed no exception to the decision, as required by the Code. (Stiefel v. Novelty Co., 12 App. Div. 266, 42 N. Y. Supp. 511; Hedges v. Polhemus, 14 Misc. Rep. 309, 35 N. Y. Supp. 709), and we are therefore confined to the examination of such alleged errors as are presented by proper exceptions taken to rulings made upon the trial. The defendants moved to dismiss the complaint at the close of the plaintiff's case, and renewed the motion at the close of the whole case. The motion was made on two grounds: (1) That the plaintiff had not shown the contract specified in the complaint (the contract between the owner and the contractor); and (2) that plaintiff had shifted his ground, and proved that a separate contract, and different from that in the specifications, was entered into between the plaintiff and the subcontractor, and that plaintiff admits that he had not put on the roof according to the specifications. The motion was renewed at the close of the whole case, and was denied, and an exception was taken. The defect in plaintiff's proof—the nonproduction of the owner's contract—was supplied by defendants themselves, who put the contract in evidence immediately after entering into their defense. That objection was, therefore, obviated. As to the objection of variance between plaintiff's pleading and his proofs, it was not available to defendants, after allowing, as they did, such proof without objection. It may also be observed that the allegation of performance in the complaint may well refer to the modified agreement between the owner and contractor by which inferior tin was used, and hence there was no variance between the pleading and the proof. Such modification may be inferred from the acquiescence of the architect in the use of that tin, and from the fact that the difference in price was deducted by the owner in settling with the contractor, Menton. No exception to the receipt or rejection of evidence is well taken. One of the exceptions appearing in the case seems to be taken by the respondent, and it is to the allowance of a question by the defendants which elicited testimony that the owner's consent to the substitution of the inferior tin was obtained through her agent, the contractor. The defendants thus themselves elicited the evidence of the owner's consent. As it appears from the evidence that the difference between the cost of the tin as furnished and that called for by the original specifications has been allowed to the owner in her settlement with the contractor, and that such settlement has been made apparently upon a conceded performance by him of his contract, it would appear that no injury has been suffered by reason of the substitution of inferior tin; and, as such substitution was by direct consent of the defendant who is contesting this claim (as the jury have found), it would seem that no principle of equity has been violated in the decision, and that it ought to be affirmed. All concur.