### VAN WAGENEN v. ISELIN et al.

(Supreme Court, Appellate Division, Second Department.   January 17, 1899.)

APPEAL,—SUFFICIENCY OF EVIDENCE.
　　The findings of fact will not be disturbed on appeal, unless it is made clearly to appear that the court erred.

Appeal from special term, Westchester county.

Action by Peter L. Van Wagenen against Adrian Iselin and others. Judgment for defendants, and plaintiff appeals.   Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Samuel F. Swinburne (J. ʼᴸ .ᵣschauser, on the brief), for appellant.

J. Addison Young, for respondents.

WOODWARD, J.   This action was brought to procure a partition or sale of lands in the town of New Rochelle, in this state.   The issues were tried at special term, and the learned court found, on sufficient evidence, that in 1850 Josiah Le Count and States Barton came into the ownership and possession of the property in controversy as tenants

in common, they being at the time associated in a mercantile business. The court also found that the said Josiah Le Count died intestate in 1862, leaving certain heirs at law, whose several interests in the property have been merged in the defendants in this action; that prior to the death of Josiah Le Count he and the said States Barton dissolved the partnership then existing between them, the said States Barton taking money and notes in settlement of his interest in the firm, and the said Josiah Le Count taking the real estate which was held by them; that the property involved in this action was never deeded to the said Josiah Le Count, but that it was held by him and by his heirs, adversely to the said States Barton and his heirs, continuously from 1859 up to the time of its transfer to the defendant Adrian Iselin in 1891. The plaintiff claims under a title from the heirs at law of States Barton; but, under the state of facts found by the trial court, which will not be disturbed unless it is made to clearly appear that the court has erred in its findings (Aldridge v. Aldridge, 120 N. Y. 614, 24 N. E. 1022; Barnard v. Gantz, 140 N. Y. 249, 35 N. E. 430), the plaintiff fails to establish any interest in the property. The judgment dismissing the complaint and determining the relative interests of the defendants, about which there was no dispute, is, therefore, entirely proper. It appears from the evidence, and the trial court so found, that States Barton, although he lived within 200 feet of the premises involved from the death of his former partner in 1862 until his own death in 1891, never asserted any title in the premises, and that the heirs at law of the said Josiah Le Count continuously rented the premises, and exercised all of the powers and duties of ownership, without question on his part, during all of the years that he thus lived after the death of his former partner. It is wholly unreasonable to suppose that if States Barton had believed himself to be the owner of any part of this property he would have talked with the various tenants as he did without intimating in some manner that he had an interest in the premises; and while there was no evidence to show that he did not receive some part of the rentals, there was equally lacking any evidence to show that he did receive such rentals, during his lifetime, and it was proved that since 1887 all of the rentals had been collected and appropriated to the uses of the heirs of Josiah Le Count. The evidence was sufficient to sustain the findings of fact, and the judgment should be affirmed, with costs. All concur.