PETER L. VAN WAGENEN, Appellant, *v.* ADRIAN ISELIN and Others, Respondents.

*Possession by one partner of partnership realty taken by, but not conveyed to, him on the dissolution of the firm — when a bar to an action for partition by one claiming under the other partner.*

Where, upon the dissolution of a copartnership, one of the partners, in settlement of his interest, takes real estate held by the partners as tenants in common, and it appears that, although no deed was executed to the partner taking the real estate, the latter and his heirs held the premises adversely to his former partner and co-tenant from 1859 to 1891, and that from the time of the death, in 1862, of the partner taking the real estate, his heirs continuously rented and exercised all the powers and duties of ownership until the death of such former partner in 1891, and without question or assertion of title on the latter's part during that time, although he lived within 200 feet of the property, a person claiming under an heir at law of the latter is not entitled to maintain an action to partition the premises.

APPEAL by the plaintiff, Peter L. Van Wagenen, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Westchester on the 9th day of July, 1898, upon the decision of the court rendered after a trial at the Westchester Special Term.

*Samuel F. Swinburne* [*J. Morschauser* with him on the brief], for the appellant.

*J. Addison Young*, for the respondents.

WOODWARD, J.:

This action was brought to procure a partition or sale of lands in the town of New Rochelle, in this State. The issues were tried at Special Term, and the learned court found, on sufficient evidence, that in 1850 Josiah Le Count and States Barton came into the ownership and possession of the property in controversy as tenants in common, they being at the time associated in a mercantile business. The court also found that the said Josiah Le Count died intestate in 1862, leaving certain heirs at law, whose several interests in the property have been merged in the defendants in this action ; that prior to the death of Josiah Le Count he and the said States Barton dissolved the partnership then existing between them, the said States Barton taking money and notes in settlement of his interest in the firm, and the said Josiah Le Count taking the real estate which was held by them ; that the property involved in this action was never deeded to the said Josiah Le Count, but that it was held by him, and by his heirs, adversely to the said States Barton and his heirs, continuously from 1859 up to the time of its transfer to the defendant Adrian Iselin in 1891.

The plaintiff claims under a title from the heirs at law of States Barton, but under the state of facts found by the trial court, which will not be disturbed unless it is made clearly to appear that the court has erred in its findings (*Aldridge* v. *Aldridge*, 120 N. Y. 614 ; *Barnard* v. *Gantz*, 140 id. 249), the plaintiff fails to establish any interest in the property. The judgment dismissing the complaint and determining the relative interests of the defendants, about which there was no dispute, is, therefore, entirely proper. It appears from the evidence, and the trial court so found, that States Barton, although he lived within 200 feet of the premises involved, from the death of his former partner in 1862 until his own death in 1891, never asserted any title in the premises, and that the heirs at law of the said Josiah Le Count continuously rented the premises, and exercised all of the powers and duties of ownership, without question on his part, during all

of the years that he thus lived after the death of his former partner. It is wholly unreasonable to suppose that if States Barton had believed himself to be the owner of any part of this property he would have talked with the various tenants as he did, without intimating in some manner that he had an interest in the premises; and while there was no evidence to show that he did not receive some part of the rentals, there was equally lacking any evidence to show that he did receive such rentals during his lifetime, and it was proved that since 1887 all of the rentals had been collected and appropriated to the uses of the heirs of Josiah Le Count.

The evidence was sufficient to sustain the findings of fact, and the judgment should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.