JAMES A. WHYTE, as Receiver of the Property of CHARLES W. DENIKE, Respondent, *v.* MARY A. DENIKE and CHARLES W. DENIKE, Appellants.

*Fraudulent conveyance — an oral ante-nuptial agreement is not a good consideration — in the absence of consideration proof that the grantee was privy to the fraud is unnecessary — review of exceptions where the "case" does not state that it contains all the evidence.*

An oral ante-nuptial agreement does not, as against the husband's creditors, constitute a sufficient consideration for a deed by the husband to the wife.

A conveyance executed without consideration, with intent to defraud the grantor's creditors, is void, although the grantee was not a privy to the fraud.

In the absence of a statement that a case on appeal from a judgment contains all the evidence, the Appellate Division can review exceptions to the findings upon which the judgment was based only in so far as they present questions of law.

APPEAL by the defendants, Mary A. Denike and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 18th day of January, 1900, upon the decision of the court, rendered after a trial at the Kings County Special Term, setting aside a conveyance made by said Charles W. Denike to said Mary A. Denike as fraudulent and void as against creditors.

*H. J. Morris,* for the appellants.

*Percival S. Menken,* for the respondent.

WILLARD BARTLETT, J.:

The plaintiff is a receiver in supplementary proceedings of the property of Charles W. Denike. In this suit he has obtained a judgment setting aside the conveyance by Charles W. Denike to his wife of certain property situated on Myrtle avenue in the borough of Brooklyn. This judgment is based upon findings made after a trial at Special Term. The defendants excepted to the material findings of fact and conclusions of law; and the case on appeal contains several exceptions to rulings in respect to the admission or exclusion of proof. In the appeal book, however, there is no statement that the case contains all the evidence.

Under these circumstances, only questions of law are reviewable in this court. (*Aldridge* v. *Aldridge,* 120 N. Y. 614.) By excepting to a finding of fact the appellants allege, as matter of law, that there is not any evidence tending to sustain the finding, and as was said in *Brayton* v. *Sherman* (119 N. Y. 623), " It behooves the respondent to see to it that all the evidence which tends in any way to support such finding is contained in the case," as the court can review such a question of law without any statement that the case contains all the evidence.

In the light of these rules of procedure, we have considered the several points presented by the brief in behalf of the appellants, and find none of them to be tenable. There is sufficient evidence

to sustain the finding that the conveyance was made by the grantor with intent to hinder, delay and defraud his creditors. The proof also justifies the finding that the deed was absolutely without consideration. The alleged ante-nuptial agreement relied upon as constituting a consideration was not in writing, and hence was not enforcible. (*Lamb* v. *Lamb*, 18 App. Div. 250.)

The exception to the finding that the conveyance was accepted by the wife with fraudulent intent would raise a serious question if it were essential to establish her participation in the design of her husband. The knowledge or motive of the grantee, however, is unimportant in cases where there is no valuable consideration for the transfer. A grantee without valuable consideration of property conveyed away by the grantor in fraud of his creditors cannot be protected, although he is not privy to the fraud. (*Mohawk Bank* v. *Atwater*, 2 Paige, 54.)

Although the respondent has not observed the caution which we have quoted from *Brayton* v. *Sherman* (*supra*) — having wholly omitted to print in the case on appeal the examination in supplementary proceedings, which was received in evidence as against the defendant Charles W. Denike — we are, nevertheless, of the opinion that the case contains enough to support the essential findings, and, therefore, that the judgment should be affirmed.

Judgment unanimously affirmed, with costs.