WHYTE v. DENIKE et al.

(Supreme Court, Appellate Division, Second Department. July 9, 1900.)

1. APPEAL AND ERROR—CASE ON APPEAL—INCLUSION OF EVIDENCE—REVIEW.
    Where there is no statement in the appeal book that the case contains all the evidence, only questions of law can be reviewed.

2. SAME—EXCEPTIONS TO FINDINGS—SUFFICIENCY OF EVIDENCE.
    Since by excepting to a finding of fact an allegation is made, as a matter of law, that there is no evidence tending to sustain it, such question can be reviewed without a statement that the case contains all the evidence.

3. UNWRITTEN ANTENUPTIAL AGREEMENT—CONSIDERATION FOR DEED—STATUTE OF FRAUDS.
    Since an unwritten antenuptial agreement is not enforceable, it cannot constitute a consideration for a deed.

4. FRAUDULENT CONVEYANCES—KNOWLEDGE AND INTENT OF GRANTEE.
    Where property is conveyed, without valuable consideration, in fraud of creditors, the knowledge or motive of the grantee is not essential, since such grantee cannot be protected thereby, though not privy to the fraud.

Appeal from special term, Kings county.

Action by James A. Whyte, as receiver of the property of Charles W. Denike, against Mary A. Denike and another, to set aside a conveyance for fraud. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, and JENKS, JJ.

H. J. Morris, for appellants.
Percival S. Menken, for respondent.

WILLARD BARTLETT, J. The plaintiff is a receiver in supplementary proceedings of the property of Charles W. Denike. In this suit he has obtained a judgment setting aside the conveyance by Charles W. Denike to his wife of certain property situated on Myrtle avenue, in the borough of Brooklyn. This judgment is based upon findings made after a trial at special term. The defendants excepted to the material findings of fact and conclusions of law, and the case on appeal contains several exceptions to rulings in respect to the admission or exclusion of proof. In the appeal book, however, there is no statement that the case contains all the evidence. Under these circumstances, only questions of law are reviewable in this court. Aldridge v. Aldridge, 120 N. Y. 614, 24 N. E. 1022. By excepting to a finding of fact, the appellants allege, as matter of law, that there is not any evidence tending to sustain the finding; and as was said in Brayton v. Sherman, 119 N. Y. 623, 23 N. E. 471, "it behooves the respondent to see to it that all the evidence which tends in any way to support such finding is contained in the case," as the court can review such a question of law without any statement that the case contains all the evidence. In the light of these rules of procedure, we have considered the several points presented by the brief in behalf of the appellants, and find none of them to be tenable. There is sufficient evidence to sustain the finding that the conveyance was made by the grantor with intent to hinder, delay,

65 N.Y.S.—37

and defraud his creditors, The proof also justifies the finding that the deed was absolutely without consideration. The alleged antenuptial agreement relied upon as constituting a consideration was not in writing, and hence was not enforceable. Lamb v. Lamb, 18 App. Div. 250, 46 N. Y. Supp. 219.

The exception to the finding that the conveyance was accepted by the wife with fraudulent intent would raise a serious question, if it were essential to establish her participation in the design of her husband. The knowledge or motive of the grantee, however, is unimportant in cases where there is no valuable consideration for the transfer. A grantee, without valuable consideration, of property conveyed away by the grantor in fraud of his creditors, cannot be protected, although he is not privy to the fraud. Bank v. Atwater, 2 Paige, 54.

Although the respondent has not observed the caution which we have quoted from Brayton v. Sherman, supra,—having wholly omitted to print in the case on appeal the examination in supplementary proceedings which was received in evidence as against the defendant Charles W. Denike,—we are nevertheless of the opinion that the case contains enough to support the essential findings, and therefore that the judgment should be affirmed.

Judgment affirmed, with costs. All concur.