BELMONT-HUGHES REALTY CORPORATION, Plaintiff, *v.* WILLIAM S. DENISON and Another, Defendants.

Supreme Court, New York County, December 20, 1926.

Fraud and deceit — complaint — allegation that defendant renting agency made statement that its principal had agreed to cancel lease· of office space if plaintiff's assignor found more satisfactory space in same building during first month of occupancy — landlord subsequently refused to cancel lease and recovered judgment against plaintiff's assignor for rent — statement of renting agency as to cancellation of lease was representation of existing material fact and is sufficient basis for cause of action for fraud and deceit — damages — complaint sufficient where some damages are alleged.

A complaint in an action for fraud and deceit states a good cause of action which alleges that in order to induce plaintiff's assignor to enter into a lease of space in an office building, defendant renting agency represented that the owner of the building had agreed to cancel the lease if plaintiff's assignor during the first month of occupancy found more satisfactory space in the same building, but that the owner of· said building subsequently refused to cancel the lease and recovered a judgment against plaintiff's assignor for eleven monthly installments of rent, with the result that said assignor was damaged to the extent of rent paid for the first month, the amount of the judgment which he paid and other expenses in connection with the action, for the statement of the renting agency that the owner had agreed to cancel the lease was not a representation which could be regarded as a promise or an expression of expectation, but on the contrary was a statement as to a material fact which constituted a misrepresentation of a present intention, and as such is actionable.

The question of the measure of damages is not now properly before the court and the complaint, which alleges some damage, is sufficient.

MOTION by defendants, under rule 106 of the Rules of Civil Practice, to dismiss the *amended* complaint herein on the ground that it fails to state facts sufficient to constitute a cause of action.

*Howard A. Sperry,* for the plaintiff.

*McGuire, Horner & Smith* [*Herbert Raymond Smith* of counsel], for the defendants.

LEVY, J. This pleading alleges that the defendants were the renting agents of a building owned or controlled by the Metropolitan Life Insurance Company; that in order to induce plaintiff's

assignor to enter into a lease with the insurance company of an office in said building, the defendants represented that this company had agreed to cancel the lease if plaintiff's assignor during the first month found more satisfactory space in the same building; that this representation was false and known by the defendants to be so at the time they made it; that plaintiff's assignor actually found a more satisfactory office during the first month of the lease, but the company refused to cancel and on the contrary sought and recovered judgment against the plaintiff's assignor for eleven monthly installments of rent; that as a result such assignor was damaged to the extent of the rent paid for the first month, the amount of the judgment which he paid, and various incidental expenses in connection with the company's action and appeals which followed. The pleading attacked, in my opinion, states a good cause of action in fraud and deceit. It contains allegations of the five essentials of a cause of action of this nature and for the purpose of this motion must be deemed, therefore, to be complete. But the difficulty is that the original complaint which did not differ in any material respect from the one under consideration, was likewise attacked at Special Term for the precise reason and was held to be insufficient. Upon this application defendants' counsel argues that the amended complaint is, therefore, insufficient too and urges as previously, that the representations were promissory in their nature. I cannot seem to reconcile myself to this view. It is perfectly clear that the claim made in this connection is that the defendants stated that the insurance company *had agreed* to cancel the lease on the happening of a certain contingency. Such a statement by the defendants would unquestionably be a representation of a fact and not a promise. There is an obvious distinction between a statement by defendants that the company *would agree* to cancel — which admittedly would be merely promissory in its nature — and a declaration that the company *had agreed* so to cancel; in the first instance a representation that could be regarded as promissory entirely, while in the second a representation as to an existing material fact.

The quite recent case of *Fowler-Curtis Company* v. *Dean* (203 App. Div. 317) involves a complaint so similar in principle to the one under discussion that it is indeed surprising that counsel have not called my attention to it. There the complaint alleged that the defendant, a director of Cluett, Peabody & Co., Inc., in order to induce plaintiff to continue manufacturing shirts for that corporation, represented to the former, with intent to deceive, that an offer which plaintiff had made to Cluett, Peabody & Co., Inc., embodying the terms upon which it would continue so to manufacture,

had been accepted by the corporation. The pleading went on to allege that the defendant further stated to plaintiff that Cluett, Peabody & Co., Inc., had written to plaintiff accepting the offer according to its terms, and that the letter embodying such acceptance was in the possession of the defendant who had through oversight left it on his desk instead of delivering it to plaintiff; that the defendant's representations were false and that plaintiff relied on them to its damage in that it refused other contracts for the manufacture of shirts, only to have the shirts which it did manufacture for Cluett, Peabody & Co., Inc., refused by the latter. This pleading had been held sufficient at Special Term, but the Appellate Division, Third Department, by a divided court determined it to be insufficient. Three opinions were written, one by Mr. Justice Kellogg as acting presiding justice, in which Mr. Justice Hasbrouck concurred; one by Mr. Justice Hinman concurring in the result; and the dissenting opinion by Mr. Justice Van Kirk in which Mr. Justice Kiley concurred. The opinion of Mr. Justice Kellogg is based upon the proposition that the plaintiff could not have been induced to believe that there had been a legal acceptance of its offer since it was told that the letter of acceptance had not been mailed. The opinion then concludes as follows: " It could justly have believed that Cluett, Peabody & Co., Inc., had *determined* to accept its offer and, at the moment of the representation, *intended* to contract with the plaintiff. No representation which induced the plaintiff so to believe was other than a representation of *expectations*. It was in no sense a representation as to a material existing fact." With this last observation Mr. Justice Hinman, although concurring in the result, could not agree. He said: " By ' expectations ' I presume Mr. Justice Kellogg means something intended to take place in the future and, therefore, that something was not an existing fact. I think that he has missed a point in his analysis. The important thing was that it was a misrepresentation of a present intention, a thought embraced in the statement of Mr. Justice Kellogg's conclusion but which he does not apply. * * * If the representation of Dean as to the existence of the letter and his inadvertent failure to bring it with him for delivery can be interpreted as expressive of an intention to contract, which I think is the necessary implication and to which Mr. Justice Kellogg seems to agree, it was a false and fraudulent representation, made with intent to deceive the plaintiff, who relied upon it and was a fraudulent misrepresentation of a material existing fact of which the court will lay hold for the purpose of doing justice. (*Adams* v. *Gillig*, 199 N. Y. 314; *Ritzwoller* v. *Lurie*, 225 id. 464.) " The only reason why Mr. Justice Hinman concurred in

the conclusion that the complaint was insufficient appears to be that the damages were not properly pleaded. The dissenting opinion of Mr. Justice VAN KIRK states that " The agent Dean's statement was not a promise or an expression of an opinion or of an expectation; it was a statement of a material fact. It was false, was made to induce plaintiff to act and plaintiff did act upon it; the plaintiff suffered damages thereby; the fraud is actionable. (*Hadcock* v. *Osmer*, 153 N. Y. 604.) " It is to be noted, therefore, that three of the five justices composing the court agreed that the false representation was not of a promise or an expression of expectation but on the contrary was a statement as to a material fact which constituted a misrepresentation of a present intention, and this view is indeed equally applicable to the situation with which we are dealing. At the same time, as in the *Fowler-Curtis* case in respect to the failure to mail the letter of acceptance, it may be argued here that plaintiff's assignor had no binding contract which was enforcible against the Metropolitan Life Insurance Company in regard to cancellation, and yet may have been induced to execute the lease in the belief that the company had actually expressed an intention to cancel the same, and that it would carry out such intention even though not legally obliged to do so. It might be observed that after the decision in the *Fowler-Curtis* case the plaintiff there amended its complaint by omitting the allegation that defendant had stated he had left the letter of acceptance on his desk. On appeal to the Appellate Division this amended pleading was held by the unanimous court to state a good cause of action (206 App. Div. 785), which was sustained in the Court of Appeals (239 N. Y. 538).

The question of the measure of damages is not now properly before the court and it is sufficient that some damages are alleged. (*Winter* v. *American Aniline Products*, 236 N. Y. 199.) The motion to dismiss the amended complaint is, therefore, denied.