CHARLOTTE E. PERSHALL, Respondent. *v.* HIRAM ELLIOTT. as Executor of DAVID B. PERSHALL, Deceased, et al., Appellants, Impleaded with Another.

184

(Argued October 11, 1928; decided October 26, 1928.)

*Michael D. Reilly, Herbert D. Hamm* and *Robert H. Wright* for appellants. The alleged contract is within the Statute of Frauds. (*Drake* v. *Seaman,* 97 N. Y. 230; *Burns* v. *McCormick,* 233 N. Y. 230; *Life Savings Club, Inc.,* v. *Mosher,* 125 Misc. Rep. 341; *Kezer* v. *Seely,* 236 N. Y. 567; *Cooley* v. *Lobdell,* 153 N. Y. 596; *Diesel* v. *Otto,* 203 N. Y. Supp. 926; *Woolley* v. *Stewart,* 222 N. Y. 347.)

The plaintiff failed to prove a promise. (*Stillwell* v. *Bateman*, 83 Misc. Rep. 589; *Wildman* v. *Jones*, 150 App. Div. 514; *Ennis* v. *Chichester*, 187 App. Div. 53.)

*Matthew W. Wood* for respondent. The judgment was amply sustained by the evidence. (*Edson* v. *Parsons*, 155 N. Y. 555; *Rastetter* v. *Hoenninger*, 214 N. Y. 66; *Morgan* v. *Sanborn*, 225 N. Y. 454; *Mutual Life Insurance Co.* v. *Holloday*, 13 Abb. N. C. 16; *LeBrantz* v. *Conklin*, 39 Misc. Rep. 715; *Seaver* v. *Ransom*, 224 N. Y. 233; *Hamlin* v. *Stevens*, 177 N. Y. 39; *Winne* v. *Winne*, 166 N. Y. 263; *Healy* v. *Healy*, 166 N. Y. 624; *Hall* v. *Gilman*, 77 App. Div. 458; *Edson* v. *Parsons*, 155 N. Y. 555; *Piper* v. *Howard*, 107 N. Y. 82; *Gates* v. *Gates*, 34 App. Div. 608; 54 N. Y. 454.).

POUND, J. In 1902 the plaintiff married Henry L. Pershall. Pershall's father, David B. Pershall, lived with them. In 1906 the father purchased a house in Brooklyn for the sum of $13,000. The plaintiff and her husband, as well as the father, lived together in that house until plaintiff's husband died in 1923. During that time plaintiff's husband made many valuable improvements in the house. The plaintiff claims that these improvements were made under an oral agreement that at the father's death she and her husband should have the right to purchase the house at the price paid for it by the father. No memorandum in writing of such agreement was made at the time, but in 1916 the father made a codicil to his will which reads as follows:

"Whereas my son, Henry L. R. Pershall, has from time to time, since the purchase by me of my present residence, No. 861 President Street, Brooklyn, New York, expended large sums on the repair and improvement thereof and is about to make other like expenditures, *on the understanding that in the event of my death* he should be entitled to purchase said house from my estate at its

cost, and thereby obtain the benefit of such expenditures by him made, I do hereby authorize and direct my executors to sell and convey to my said son said premises and building for the sum of thirteen thousand dollars ($13,000), the price paid by me therefor, in case he shall elect to so purchase the same at such price and shall notify my executors of such election within one year from the date of my death, and shall within such time pay the consideration and accept a deed therefor, subject to all taxes and assessments thereon accruing after my death."

Plaintiff's husband died in February, 1923. Within a month thereafter the father made a will in which he provided:

"*Fourth.* I also direct and provide inasmuch as the residence known by street number as 861 President Street, Borough of Brooklyn, City of New York, was purchased by me for the sum of Thirteen thousand five hundred dollars ($13,500) and in view of the fact that my son Henry LeRoy Pershall, now deceased, and my daughter-in-law Charlotte E. Pershall, have expended various and divers sums of money in the improvement of the said real property *for which I feel that they or she should receive adequate reimbursement,* that my said daughter-in-law shall have the privilege of purchasing the said property after my decease at the said sum of Thirteen thousand five hundred Dollars ($13,500) which said monies shall thereupon become and be a part of my estate."

A year thereafter he revoked that will. The plaintiff thereupon brought this action to compel the father specifically to perform his agreement to permit her to purchase the property at the sum which the father paid for it. She claims in the complaint that her father-in-law revoked his last will because of the undue influence of his children. The father-in-law died during the pendency of the action, but not till after he made a deposition

in the case. The trial judge found in favor of the plaintiff and directed the father-in-law's executor and the daughters to convey the house to this plaintiff upon payment of $13,000. The Appellate Division affirmed the judgment below with a slight modification as to costs.

Technical objections to the form of the action may be overlooked. The case may be disposed of on the merits on the question whether plaintiff's option to purchase contained in her father-in-law's will is enforceable as a contract.

Assuming that the codicil constitutes a sufficient contract which the law would sustain as a legal obligation whereby the plaintiff's husband received the right to purchase the house at the price his father paid for it, provided the husband survived the father, the question remains whether the plaintiff has such an enforceable contract.

Real Property Law, section 259 provides:

" § 259. When contract to lease or sell void. A contract for the leasing for a longer period than one year, or for the sale, of any real property, or an interest therein, is void, unless the contract, or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the lessor or grantor, or by his lawfully authorized agent."

Obviously the codicil for the son's benefit was contractual in form and expressed a consideration for the option. A legal obligation supported the promise. It contained an admission that the son Henry had expended money on the family residence *on the understanding* that in the event of testator's death he might purchase the property for $13,000 and thereby obtain the benefit of the expenditures made by him. The son expended the money in reliance on the father's promise to convey. That promise was, however, personal to Henry and did not survive to plaintiff upon the death of Henry. The later will, on which the plaintiff's cause of action rests, contains no such admis-

sion. It expresses no consideration. No previous request to make the expenditures can be implied therefrom. The language is to the effect that expenditures have been made by the son and daughter-in-law " for which I feel that *they or she* should receive adequate reimbursement." " The doctrine that past consideration is no consideration is well recognized and universally enforced." (Williston on Contracts, § 142.) The practical application of the doctrine gives rise to some seeming exceptions, but validity must at least be denied to a promise made in consideration of benefits rendered in the past without a request by the promisor, express or implied. A previous moral obligation is insufficient as a consideration to support an action to enforce an executory contract. (*Parsons* v. *Teller*, 188 N. Y. 318.) A distinction is drawn between moral obligations and equitable obligations. An equitable obligation rests on some actual duty, unenforceable legally, such an infant's obligations or debts barred by the Statute of Limitations or bankruptcy, but a mere moral or conscientious obligation, unconnected with a prior legal or equitable claim, implies no duty and is not a sufficient consideration to support a promise. (*Goulding* v. *Davidson*, 26 N. Y. 604; *McGuire* v. *Hughes*, 207 N. Y. 516.)

The will expresses a motive on testator's part for giving the same privilege to plaintiff which he had for a consideration given her deceased husband. He *feels* that " they or she should receive adequate reimbursement." A motive is not consideration, either legal or equitable. (Anson on Contracts, § 126.) Testator was under no obligation to reimburse plaintiff for the expenditures her husband had made. He might do as he pleased about that without violating any legal or equitable duty to her. The sense of moral obligation which moved him to make the testamentary provision for her benefit did not forbid him to change his mind thereafter. Testator expressed in the will an existing disposition, desire or

sense of duty that plaintiff should be reimbursed for the expenditures that she and her husband had made on the property. He recognized no obligation to plaintiff to make such reimbursement to her. On the contrary, he expressed a mere feeling. Feeling dictates many testamentary provisions. Feeling may change and a feeling once expressed is not a promise made on a consideration. The will was purely testamentary and ambulatory and void as a contract under the Statute of Frauds.

It is contended that plaintiff in reliance upon the will made certain expenditures on the property after the will was executed. These expenditures are not referable to the will. No promise was even suggested by the will that plaintiff would be reimbursed for subsequent expenditures. She did not alter her position to her disadvantage in any justifiable reliance on the terms of the will.

The judgment of the Appellate Division and that of the Special Term should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment reversed, etc.