JAMES W. ANDREWS, as Trustee in Bankruptcy of the Estate of FRANK SHANNON, Bankrupt, Appellant, v. THE METROPOLITAN JOCKEY CLUB and WALTER KEENAN and CENTRAL HANOVER BANK & TRUST COMPANY, Sole Executors, etc., of JOHN G. CAVANAGH, Deceased, Respondents.— Order granting defendants' motion, under rule 112, Rules of Civil Practice, and section 476, Civil Practice Act, and judgment entered pursuant thereto dismissing the complaint, reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. Assuming, without deciding, that the statutes the validity of which plaintiff challenges are valid, the complaint is sufficient as a matter of mere pleading in respect of the phase which concerns alleged gifts to the defendants by Shannon while he was insolvent. There is nothing in the complaint or bill of particulars which discloses that the alleged gifts were made to the defendants for use in the making up of purses or stakes. Upon a trial it may develop that this was the fact, but plaintiff may also establish a right to recover these gifts even though the defendants did not know Shannon was insolvent when the gifts were made (24 Am. Jur. 185, § 27; *Loos* v. *Wilkinson,* 110 N. Y. 195; 27 C. J. 509, § 176; *Young* v. *Heermans,* 66 N. Y. 374, 382; *Whyte* v. *Denike,* 53 App. Div. 320, 322; *Truesdell* v. *Bourke,* 29 id. 95; affd., 161 N. Y. 634; 12 R. C. L. 533, § 61; *Cole* v. *Tyler,* 65 N. Y. 73, 78; Debtor and Creditor Law, § 273), even if they were devoted to the use for which they were given. And it may be that plaintiff may recover if it appears that the gifts were diverted to a use other than that for which they were given at a time when the donor was insolvent. Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur. ·