PARAMOUNT PICTURES, INC., Plaintiff, *v.* HARRY BRANDT et al., Defendants.

Supreme Court, Special Term, New York County, November 17, 1948.

*Milton C. Weisman, Arthur Sheinberg* and *Adolph Kaufman* for defendants.

*Louis Nizer, Paul Martinson* and *Jerome P. Phillips for* plaintiff.

HOFSTADTER, J. The defendants move under rule 106 of the Rules of Civil Practice to dismiss for insufficiency each of the thirty-four causes of action alleged in the amended complaint or, in the alternative, under rule 90 of the Rules of Civil Practice to require the plaintiff separately to state and number as separate causes of action matter not so alleged in the amended complaint.

While the amended complaint contains thirty-four causes of action, the basic cause of action is the first, which sets the pattern for all the others. This opinion may, therefore, be confined to the first cause of action. The questions raised by the motion

can, moreover, be treated adequately without stating the contents of this cause of action *in extenso*. A concise summary will suffice.

The action is brought by a motion picture distributor against 167 corporations and individuals who own or operate almost 100 motion picture theatres forming part of an enterprise known as the Brandt Circuit. The plaintiff has licensed its motion pictures for exhibition at these theatres and the gross receipts from admissions and the operating expenses of the theatres have been a material factor in determining the license fees payable to the plaintiff. The plaintiff has relied on the statements of such receipts and expenses furnished to it by the defendants. It is charged that the defendants engaged in a conspiracy to defraud the plaintiff pursuant to which they systematically employed various fraudulent practices, enumerated with some particularity, for the falsification of their reports to the plaintiff of receipts and expenses. As a result the plaintiff was led to accept lesser license fees than were actually due it and to grant subsequent licenses at lower fees than would have been required had the reports been truthful. Damages of $573,000 are claimed to have been suffered. Though the amended complaint contains considerable detail and amplification, the foregoing is an outline of the essence of the first cause of action. As already noted, the later causes of action are fashioned along the lines of the first cause of action. The principal difference is that the first cause of action is directed against all the defendants, while each of the later ones names only certain of the defendants and states varying amounts of damage, smaller than that claimed in the first cause of action. Because of the practical identity of all the causes of action I shall, unless otherwise noted, refer to the amended complaint as though it alleged the first cause of action alone.

The amended complaint is substantially the same as the first cause of action in the complaint in *Warner Bros. Pictures Distributing Corp.* v. *Endicott Circuit, Inc.* (55 N. Y. S. 2d 300, affd. 269 App. Div. 934). That cause of action was directly attacked in the *Endicott* case (*supra*) and its sufficiency upheld. In the interest of brevity the first cause of action in the *Endicott* case will be referred to as the *Endicott* complaint. But for asserted differences between the amended complaint in this case and the *Endicott* complaint, the *Endicott* decision would be controlling and render further discussion superfluous. The defendants contend that the differences are material and make the *Endicott* case inapplicable; the plaintiff insists, to the contrary,

that there are no real differences and that this case is governed by the *Endicott* case.

Though the defendants' contentions have posed interesting questions which have commanded serious reflection, I am unable to adopt the views urged by them.

In the *Endicott* case the complaint alleged that the plaintiff had granted licenses to the defendants on payment of either a fixed sum, known as a flat rental, or of a percentage of the gross receipts, known as percentage contracts, with or without a guaranteed minimum. Copies of the license agreements for which the fees were computed on a percentage basis and a schedule of the flat rental contracts, giving the names of the contracting exhibitors, and of the theatres, the contract dates, the titles of the pictures and the payment terms, were annexed to the *Endicott* complaint.

The amended complaint under consideration also alleges the granting of licenses on a flat rental or percentage rental basis. It alleges a third type of license agreement, known as a split figure arrangement under which the license fee was dependent on operating expenses as well as gross receipts. But no license agreements or schedule is annexed. The defendants argue that since the plaintiff's grievance, insofar as founded on payments of insufficient license fees under prior license agreements, stems from those agreements, the action against the licensees is necessarily for breach of the license agreements and is not the less so because the breach was brought about by the fraud of the licensee-defendants. In support of this contention the defendants rely heavily on *Brick* v. *Cohn-Hall-Marx Co.* (276 N. Y. 259).

The defendants then argue that to the extent that the non-licensee defendants participated in the fraud resulting in the underpayment of license fees under the agreements, they can be held liable only for malicious inducement of breach of contract under the doctrine applied in *Hornstein* v. *Podwitz* (254 N. Y. 443) and similar cases. Basic both to a cause of action for breach of contract and its corollary malicious inducement of breach of contract are appropriate allegations of the terms of the contract broken. From these premises the defendants urge that the absence from the amended complaint here of the license agreements and schedule, which were annexed to the *Endicott* complaint distinguishes the two cases and leads to the conclusion that this amended complaint does not state a cause of action.

But the premise on which the defendants found their contention has already been rejected in the *Endicott* case. There,

too, the defendants invoked *Brick* v. *Cohn-Hall-Marx Co.* (*supra*). Nevertheless, the complaint was held to state a cause of action for fraud against all the defendants, both the licensees and the non-licensees.

In my opinion the omission from the present amended complaint of the license agreements does not render the principle of the *Endicott* case inapplicable. In each case the license agreements are alleged in the complaint to establish that the license fees payable under them were predicated on the exhibitors' receipts and that these receipts were to serve as a basis both for payment of fees earned under the agreements and for the terms of subsequent agreements. The allegations to the foregoing effect are common to both complaints. The annexation of the contracts themselves to the *Endicott* complaint did not make them an essential part of the cause of action. They were illustrative, but not vital. The gist of the action is the fraud, not the contract. (*Genin* v. *Schwenk,* 61 Hun 627, opinion in 16 N. Y. S. 432; *Lumber Mutual Casualty Ins. Co.* v. *Friedman,* 176 Misc. 703.)

The defendants attempt to draw a further distinction between this and the *Endicott* complaint. The *Endicott* complaint alleged as does this amended complaint that in reliance on the defendants' fraudulent statements the plaintiff granted subsequent licenses for lower license fees than would have been granted had truthful reports been made to it. The *Endicott* complaint concluded with the allegation that the plaintiff was damaged in that it was "fraudulently deprived * * * of the reasonable ' flat rentals '" to which it would have been entitled. The amended complaint in this action contains no allegation that the plaintiff was deprived of reasonable license fees. The defendants insist that because of its absence there is no sufficient allegation of damage. I do not consider this point well taken.

This particular allegation has to do with new license agreements alleged to have been made on terms more favorable to the defendants than would have been accorded had they furnished the plaintiff with accurate reports. If we disregard entirely the allegations of these new agreements, there still remains the consummated fraud in inducing the acceptance by the plaintiff of lesser license fees than were actually due under the prior agreements. This is a sufficient allegation of damage to sustain the complaint.

Moreover, I do not read the term "reasonable" rentals as used in the *Endicott* complaint as referring to any objec-

tive standard. In its context it means no more than rentals which the plaintiff would have regarded as reasonable had it received truthful reports. So construed, the allegation does not differ materially from the corresponding allegation in this case. Nor do I think that the cases cited by the defendants on the proper measure of damages in a fraud action (e.g. *Sager* v. *Friedman,* 270 N. Y. 472; *Reno* v. *Bull,* 226 N. Y. 546) require a holding that what the plaintiff demands on this part of its claim is necessarily profit and as such not recoverable.

In any case, as long as some damage is alleged, the failure to state the correct measure of damage in the complaint would not entitle the defendants to a dismissal for insufficiency. (*Winter* v. *American Aniline Products, Inc.,* 236 N. Y. 199; *Belmont-Hughes Realty Corp.* v. *Denison,* 128 Misc. 434, 437, affd. 220 App. Div. 827.)

In my opinion there is no substantial distinction between the amended complaint before me and the *Endicott* complaint.

The defendants make the further contention that the first cause of action fails sufficiently to fasten on all the defendants liability for the acts of the others. The amended complaint by appropriate allegation identifies the defendants owning the business of operating the respective theatres in the Brandt Circuit. The allegation of the general conspiracy is that certain named individual defendants " in collaboration with the other defendants, with reference to the various theatres owned or managed by them, as aforesaid " engaged in the conspiracy. The defendants interpret this phrase " with reference to the various theatres * * * " distributively, so as to allege that each theatre operator participated in the fraudulent conspiracy only insofar as it extended to his particular theatre. I think, however, that this is a strained construction which results from reading the quoted phrase out of context rather than in its proper setting and in its relation to the cause of action as a whole. It is clear that all the defendants are charged with participation in the general over-all conspiracy and that the quoted phrase describes merely the sphere of activity of the theatre operators in its effectuation. Of course, any defendant who joined the conspiracy — all are alleged to have joined — became a participant, whether his part in carrying it out was large or small. I, therefore, hold the complaint sufficient as a statement of a cause of action to recover damages for fraud accomplished through a conspiracy which all the defendants are charged with having joined.

There remains for consideration the alternative relief asked for under rule 90. The defendants ask that the plaintiff be required separately to state and number as a separate cause of action (1) each instance where the plaintiff licensed a picture to any defendant and accepted less than actually due under the license agreement; (2) each instance where the plaintiff was induced to grant a reduction or adjustment of·amounts paid as a license fee; (3) each instance where the plaintiff accepted less than actually due under a split-figure license agreement; and (4) each instance where the plaintiff was induced to grant a license to any defendant at a substantially lower license fee than would have been granted but for the misrepresentations.

In the *Endicott* case, too, the defendants asked in the alternative for a separate statement of the facts constituting the cause of action for conspiracy, of the facts constituting the action for fraud, and of the facts constituting the action for breach of contract, and a separate statement of each of the causes of action, whether for conspiracy, fraud or breach of contract, as to each defendant separately. They asked further for a separate statement of the representations claimed to have been made by each defendant and a separate statement of the contracts or transactions as to each defendant and a separate statement as to each defendant of the flat rental and percentage losses resulting from each transaction. The foregoing is a condensed statement of the alternative relief sought in the *Endicott* case. The alternative relief was denied in its entirety by Special Term and the Appellate Division unanimously affirmed. (55 N. Y. S. 2d 300, affd. 269 App. Div. 934.)

It is obvious that, while the alternative motion in the *Endicott* case may not be the same as that made in this case, the two have many common elements. In my opinion, the ruling in the *Endicott* case should be applied to the present amended complaint. That ruling rests on the principle that a series of acts committed by alleged conspirators in carrying out a common scheme which inflicts damage may be stated as a single cause of action. (*Travelers Ins. Co.* v. *Chiarello Stevedoring Co., Inc.,* 236 App. Div. 468.) The granting of the alternative relief rests in discretion and I am convinced that it would be an unwise exercise of discretion to accord the relief in this case. (*Crawford Music Corp.* v. *American Record Corp.,* 173 Misc. 205, affd. 258 App. Div. 955.) A bill of particulars is a more appropriate medium for a statement of such of the matters referred to in the alternative motion as the defendants may be entitled to.

The defendants' motion is accordingly denied with leave to answer within twenty days.