G. Bobert Wither, J.
This is a motion to dismiss the complaint as against the defendants Gargano and Cook upon the ground that the same is insufficient as a matter of law. In his complaint plaintiff alleges that in September of 1956, he and the defendant Pittsford Development Corporation, hereinafter *874 referred to as “ Pittsford ”, entered into a contract whereby the latter agreed to sell to plaintiff a specified lot and erect a house thereon for a fixed price. The contract provided that plaintiff might cancel it within a stated time if he failed to sell his own home within such time. Plaintiff gave his check in the sum of $2,000 to the order of Pittsford as a deposit upon said contract. On November 12, 1956, plaintiff and Pittsford made a substitute contract similar to the first one except that it provided for' a different lot, to wit, lot No. 18, and gave to plaintiff 60 days in which to terminate the new contract if plaintiff did not sell his own home before the expiration of such time, in which latter event it was agreed that Pittsford would refund to plaintiff his $2,000 deposit. It is further alleged that plaintiff did not sell his own home within such 60-day period, that he duly notified Pittsford thereof and on or before February 7, 1957 duly demanded the return of his $2,000, but that same has not been repaid.
Plaintiff further alleges that on December 11, 1956 Pittsford sold and conveyed 30 lots, including said lot No. 18, to defendants Gfargano and Cook for the ‘ ‘ consideration of not exceeding $2,500 per lot ”; that said defendants Gargano and Cook paid less than a fair consideration for the property which they thus bought from Pittsford; and that at the time of said conveyance Pittsford “was already insolvent.” Plaintiff further alleges that Pittsford made the conveyance to hinder and defraud its creditors.
The moving defendants assert that the complaint is insufficient in law for failure to allege (1) the manner in which Pittsford hindered its creditors, (2) that defendants knew of Pittsford’s insolvency and intended to defraud its creditors, (3) that defendants knew that the conveyance would render Pittsford unable to pay plaintiff, and (4) that the conveyance was made with the intent to hinder Pittsford’s payment of its future creditors. Defendants further assert that the complaint must be dismissed because plaintiff’s claim was contingent, and as a matter of law he was not a person aggrieved by the conveyance.
On a motion to dismiss a complaint for insufficiency it must be read in every particular in a light most favorable to the plaintiff. (Condon v. Associated Hosp. Service, 287 N. Y. 411, 414.)
There is no merit in defendants’ contention that plaintiff lacks the status to maintain the action because his claim was contingent and unmatured at the time of the conveyance to defendants (Debtor and Creditor Law, § 270). Nor is there *875 merit in defendants’ contention that plaintiff has not alleged how he was hindered by the conveyance. Although the complaint suggests that Pittsford received more than enough consideration from defendants to pay plaintiff’s claim, plaintiff’s claim was not then due nor demanded; and by the time it came due, it may be inferred from the complaint, Pittsford had expended for debts and business expenses the alleged insufficient consideration received from defendants.
Likewise the court holds that the complaint is not defective by reason of lack of allegations that defendants received the conveyance knowing that thereby Pittsford was rendered insolvent, and with intent to defraud Pittsford’s creditors. Under section 273 of article 10 of the Debtor and Creditor Law such allegations are not required. (Ga Nun v. Palmer, 216 N. Y. 603, 612; Loos v. Wilkinson, 110 N. Y. 195; Andrews v. Metropolitan Jockey Club, 258 App. Div. 1086; Kuhlbarsch v. Sauter, 257 App. Div. 1038; Enthoven v. Enthoven, 167 Misc. 686, affd. 256 App. Div. 813; Gruenebaum v. Lissauer, 185 Misc. 718, 727-728, affd. 270 App. Div. 836; cf. Doehler v. Real Estate Bd. of N. Y. Bldg. Co., 150 Misc. 733, distinguishing § 276 from § 273 of the Debtor and Creditor Law.)
Some of the above cases, such as the Ga Nun case (supra) show that a conveyance for less than fair consideration may be fraudulent, and that the fraud may be on the part of only one of the parties to the transaction.
Section 278 of the Debtor and Creditor Law shows that it was the Legislature’s purpose to subject an innocent purchaser for less than fair consideration to an action by creditors. Subdivision 2 of said section 278 provides as follows: “ A purchaser who without actual fraudulent intent has given less than a fair consideration for the conveyance or obligation, may retain the property or obligation as security for repayment.” Surely such provision would not be in the statute if the Legislature did not intend to require that an innocent purchaser could be required by creditors to surrender the assets he acquired, to the extent that they exceeded the value of the consideration which he paid.
It is held, therefore, that the complaint states a good cause of action.
It appears, however, that the plaintiff asks for some relief to which he is not entitled. There is no occasion here for plaintiff to be suing in behalf of other creditors. (Society Milion Athena v. National Bank of Greece, 281 N. Y. 282, 293 et seg.; Gruenebaum v. Lissauer, 185 Misc. 718, affd. 270 App. Div. 836, supra; Debtor and Creditor Law, § 278.) Paragraph Fourteenth *876 of the complaint is therefore stricken, and the Wherefore clause of the complaint shall be deemed amended to delete therefrom references to other creditors of Pittsford.
In all other respects the motion is denied.
Submit order accordingly.