Mario Pittoni, J.
This is a motion by defendants Paul Wayne, Philip Hauben and Evelyn Hauben, to dismiss the complaint herein for insufficiency under rule 106 of the Buies of Civil Practice.
The complaint pleads three causes of action. The first is not against these defendants; but all the allegations constituting that cause of action are repeated in the second, which in substance seeks to recover from all the defendants damages for fraud. The third cause of action is in the nature of a creditor’s action.
The instant motion is based on the contention that the complaint is devoid of allegations of fact as against the moving defendants. The first cause of action charges in substance that the plaintiff was induced to enter into an agreement for her support by fraudulent representations as to the financial position of her then husband, Mark Matthews; the second cause of action charges the remaining defendants, including these movants, with a conspiracy to make the fraud effective by aiding Mark Matthews to conceal his assets. The pleading is not limited, however, to the conclusory allegation of conspiracy. It charges (par. “ Seventeenth”) “ that in pursuance of such conspiracy and scheme, the said defendants did the acts and things hereinafter alleged, and all such acts and things were participated in and done by all of the defendants or by one or more of them as steps in the conspiracy to accomplish the purposes aforesaid.” Then follows an enumeration of acts allegedly done, not devoid of conclusions, but with sufficient factual allegations, it would seem, to make the complaint sufficient. (Paramount Pictures v. Brandt, 193 Misc. 657, affd. 275 App. Div. 652.)
The third cause of action alleges an indebtedness of Mark Matthews to the plaintiff, and alleges transfer of property by Mark Matthews to one or more of the defendants, and (par. “ Thirty-Eighth ”) “ that the defendants other than the defendant Mark Matthews, etc. received and accepted the aforesaid property and funds described in paragraphs ‘ Thirty-Second ’ through ‘ Thirty-Fifth ’ inclusive herein, with knowledge of the wrongful intent and purposes of defendant Mark Matthews, etc.” This sufficiently pleads a cause of action to set aside transfers by the alleged debtor (Gager v. Pittsford Development Corp., 6 Misc 2d 873).
The pleading is sufficient as a matter of law, and this motion to dismiss for insufficiency under rule 106 is denied.