James F. Niehoee, J.
This is an action in which the plaintiff employment agency seeks to recover from the defendant the sum of $650, the alleged balance of its fee for placing the defendant with Futuronics Corp. on or about November 18, 1968.
The central facts are few. In the fall of 1968 plaintiff referred defendant to Futuronics Corp. which had requested plaintiff to find an employee for an open position with that corporation. At the time defendant was sent for his interview he was told by plaintiff that the position was a 1 ‘ fee paid ’ ’ position; that is, that the employer had agreed to pay plaintiff’s entire fee *115 if it hired an applicant referred to it by plaintiff. The aforesaid agreement called for the employer to pay a fee based upon 10% of the annual salary paid to the employee.
On or about November 7, 1968 defendant was interviewed by the prospective employer and on or about November 18, 1968 he was hired at an annual salary of $13,000. The testimony of the plaintiff differs markedly from that of the defendant with respect to that which transpired between the date of the interview and the date of the hiring.
Plaintiff’s vice-president testified that following the interview he telephoned the prospective employer and was told that the prospective employer had changed its position as to the amount of the agency fee and that it would not pay a 10% fee but a 5% fee only. The witness also testified that he communicated this information to the defendant; that he advised the defendant not to accept a position with Futuronics Corp. if one should be offered; that he advised the defendant further that if he did accept such a position notwithstanding the foregoing admonition he would be obligated to pay plaintiff a fee based on 5% of his annual salary; and that defendant agreed to make such payment if he accepted a position with Futuronics.
Defendant, on his part, testified that it was not until after he had been hired by Futuronics that he was told his employer had refused to pay the fee originally agreed upon and, that he had never agreed to pay the plaintiff the difference between the fee Futuronics had initially agreed to pay plaintiff, namely, 10% of the annual starting salary, and that which Futuronics actually paid, to wit, 5% of such salary.
Assuming arguendo that plaintiff’s version of the disputed facts is accepted as true, plaintiff can recover a fee from defendant only if defendant received consideration for his [defendant’s] alleged promise to pay a 5% fee if he accepted a position with Futuronics.
Stated differently, present consideration is generally necessary to the validity of a contract (9 N. Y. Jur., Contracts, § 65). Apart from statutes validating past consideration for a written promise expressed in writing (see, e.g., General Obligations Law, § 5-1105), a situation which does not obtain here, and subject to certain other exceptions, the general doctrine is that ‘ ‘ past consideration is no consideration ’ ’ and that validity must generally be denied to a promise made in consideration of past benefits rendered without an express or implied request (see Pershall v. Elliott, 249 N. Y. 183; 9 N. Y. Jur., Contracts, §§ 104, 105; Whitney, Law of 'Contracts [4th ed.], pp. 93-94).
Of course, where an act is performed by one person upon *116 the express or implied request of another, under such circumstances that the law implies a promise to pay therefor, and a promise is made after the rendition of such a service, the promise is generally held to be valid, being supported by what is often called “ a past or executed consideration.” (Pershall v. Elliott, supra.)
Clearly, plaintiff’s act of introducing defendant to Futuronics was not performed under such circumstances that the law will imply a promise by defendant to pay therefor. On the contrary, said act was performed by plaintiff upon the express understanding that defendant would not be obligated to pay therefor. Recognizing that it does not qualify for recovery upon the foregoing basis, the plaintiff has framed its argument in these words: “ the services, the obtaining of employment for defendant, had not yet been performed since no offer of a position was made by Futuronics Corp. The offer did not come until after defendant agreed to pay a 5% fee to the plaintiff and therefore the consideration was not ‘past consideration.’”
Thus, it will be seen that plaintiff claims defendant received a present consideration for his alleged promise to pay a 5% fee to plaintiff, to wit, the offer of employment. However, that offer did not come from plaintiff■ — the promisee — but from Futuronics, a third person. While it is true that there are cases holding that even if no consideration moves from the promisee, the agreement will be enforceable if there is sufficient consideration moving from a third person to the promisor (see cases cited in 9 N. Y. Jur., Contracts, § 74), the case at bar is not governed by that principle.
Here, the plaintiff agency received a promise from Futuronics to pay plaintiff’s agency fee in the event that Futuronics hired a person referred by the agency. Defendant made no promise to the plaintiff agency and the agency specifically told him that if he obtained a position with Futuronics he would have no monetary obligation to the agency. In pursuance of that understanding, the defendant went for an interview. Thereafter, the prospective employer endeavored to alter the agreement which it had entered into with plaintiff. Plaintiff was not duty bound to agree to any such revision. It could have warned Futuronics that it intended to hold Futuronics to the original agreement and could have insisted upon standing by said agreement. Futuronics would then have been placed in the position of proceeding at its own risk in making an offer to defendant, or Futuronics could have conditioned any offer of employment upon defendant’s willingness to pay a fee of 5%. Instead, it appears that plaintiff simply acceded to the demand of Futuron *117 ios that it reduce the fee to 5% and then sought to pass the other 5% on to the defendant by exacting from him a promise that if he accepted a position with Futuronics he would pay the other 5%.
In a word, plaintiff sought to modify its understanding with defendant after defendant had received from plaintiff all that plaintiff had to give defendant under the original agreement, to wit, the name of a prospective employer.
Apart from statute, not applicable to this case (General Obligations Law, §§ 5-1103, 5-1105, 5-1109, 5-1111), a new agreement by the parties to an older one, altering or supplanting their former compact, in order to be valid, requires some consideration (see 9 N. Y. Jur., Contracts, § 69). In the judgment of the court, the alleged new agreement is not grounded upon any consideration. "
As stated above, plaintiff’s act of introducing defendant to Futuronics constituted past consideration for defendant’s alleged promise to pay a 5% fee and, as such, must be treated as no consideration. Nor can the offer of employment made by Futuronics be deemed to be consideration sufficient to support the alleged modification in the original agreement inasmuch as said offer was encompassed within, and contemplated by the original agreement. In fact, such offer was an essential element of the original compact. No new burden was imposed upon the plaintiff by the alleged new agreement, and no new advantage was conferred upon defendant by the alleged substitute agreement (see 9 N. Y. Jur., Contracts, § 86). Hence, the alleged new agreement falls for want of consideration.
Accordingly, the complaint is dismissed, with costs.