■ WILLIAM A. SCHMITT, as Trustee of CHARLES L. TELLERDAY, a Bankrupt, et al., Appellants, v GEORGE B. MORGAN et

al., Respondents.—Casey, J. Appeal from an order and judgment of the Supreme Court (Ingraham, J.), entered May 1, 1987 in Delaware County, upon a decision of the court, without a jury, in favor of plaintiff William A. Schmitt.

Plaintiffs commenced this action in 1977 to set aside conveyances of a 369-acre farm from Charles Tellerday and plaintiff Mary Tellerday to defendant Nancy Adler and from Adler to defendant George B. Morgan. A detailed recitation of the facts can be found in our prior decision in this case (98 AD2d 934, *appeal dismissed* 62 NY2d 914), wherein this court granted summary judgment to plaintiff William A. Schmitt against Nancy Adler and her husband Cyrus, finding that, as a matter of law, the Tellerday to Adler conveyance was fraudulent as to the Tellerdays' creditors under Debtor and Creditor Law § 273, since the transfer was made by an insolvent for less than fair consideration. Left to be resolved at trial was whether Morgan shielded himself from knowledge that a fraudulent conveyance had occurred, so that he was not a purchaser for fair consideration without knowledge of the fraud at the time of the purchase (Debtor and Creditor Law § 278 [1]). Also unresolved was the question of whether the Adlers had actual intent to defraud, warranting an award of counsel fees (Debtor and Creditor Law § 276-a). Following a nonjury trial, Supreme Court ruled in favor of defendants on these issues and on the fraud cause of action asserted by Mary Tellerday, resulting in this appeal. There should be an affirmance.

Upon a review of the evidence in the record, we agree with Supreme Court that Morgan and his attorney acted reasonably and made proper inquiry in light of the circumstances known to them (*see, Anderson v Blood,* 152 NY 285). On the issue of actual intent to defraud, we again agree with Supreme Court; plaintiffs' proof is inadequate to establish the necessary fraudulent intent on the part of defendants (*see, Farm Stores v School Feeding Corp.,* 102 AD2d 249, 256-257, *affd* 64 NY2d 1065). We find no merit in plaintiffs' remaining arguments.

Order and judgment affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.