UNITED STATES of America,
Plaintiff,

v.

Sheldon G. HANSEL, Christy Hansel,
Grant Hansel, Shelley Hansel and
Eunice Hansel, Defendants.

No. 96–CV–0775.

United States District Court,
N.D. New York.

March 25, 1999.

U.S. Dept. of Justice, Tax Division (Glenn J. Melcher, of Counsel), Washington, DC, for Plaintiff.

Hope Hansel, West Winfield, NY, for Defendant, Pro Se.

## MEMORANDUM—DECISION & ORDER

MCAVOY, Chief Judge.

Plaintiff United States of America ("plaintiff") commenced an action against defendants pursuant to 26 U.S.C. §§ 7401 and 7403 to reduce tax assessments to judgment against Sheldon Hansel and to set aside certain alleged fraudulent conveyances of stock to Defendants Christy, Grant, Shelley, and Hope Hansel.[1] By Memorandum—Decision & Order dated March 14, 1998, familiarity with which is

---

1. Hope Hansel was not originally named in the Complaint, but was later added by amendment to the Complaint.

assumed, see *United States v. Hansel*, 999 F.Supp. 694 (N.D.N.Y.1998), the Court granted summary judgment against Sheldon, Christy, Grant and Shelley Hansel.[2] Plaintiff now moves pursuant to FED. R. CIV. P. 56 seeking summary judgment against Defendant Hope Hansel declaring that the one share of stock transferred to Eunice Hansel and re-transferred to Hope Hansel be set aside as fraudulent.

## I. BACKGROUND

The facts surrounding the instant litigation were fully set forth in the Court's prior decision, *Hansel*, 999 F.Supp. 694. In brief, in 1983 the Internal Revenue Service ("IRS") commenced an examination of Sheldon and Hope Hansel's tax liabilities for the years 1980 and 1981. In 1984, Sheldon and Hope transferred their farm land, buildings, and equipment into a farm corporation entitled Hanwinsel Farms, Inc. ("Hanwinsel") in exchange for all 200 shares of outstanding stock in the Corporation (100 shares to Sheldon, 100 to Hope). On June 25, 1985, the IRS sent Sheldon and Hope a Notice of Deficiency in the amounts of $70,691.00 for 1980 and $86,603.00 for 1981, plus interest and penalties. In September 1985, Sheldon and Hope filed a petition with the United States Tax Court for a determination of the tax liabilities set forth in the Notice of Deficiency.

In 1987, Sheldon transferred 45 shares of stock in Hanwinsel equally to each of his children. In 1989, Sheldon transferred his remaining 55 shares as follows: 30 shares equally to each of his children; 25 shares to his mother, Eunice Hansel.

On January 23, 1991, the Tax Court determined Sheldon to have deficiencies of $20,909.00 for 1980 and $53,030.00 for 1981. Shortly before her death in 1995, Eunice transferred her 25 shares as follows: 8 shares to each of her grandchil-

dren (Sheldon and Hope's children); 1 share to Hope.

The plaintiff thereafter commenced the instant litigation seeking to: (1) reduce to judgment the tax assessments against Sheldon Hansel; (2) set aside the fraudulent transfers by Sheldon Hansel to Christy, Grant, Shelley, and Eunice; and (3) obtain judgments against Christy, Grant, Shelley and Eunice in amounts equal to the value of the shares of stock conveyed to them, plus dividends, profits, and increases in the value of the stock. By Memorandum—Decision & Order dated March 14, 1998, *Hansel*, 999 F.Supp. 694, the Court granted summary judgment to plaintiff and declared the stock conveyances to be fraudulent under New York Debtor and Creditor Law § 273. Judgment was subsequently entered in favor of the United States and against Sheldon Hansel in the amount of $222,007.21, plus interest. The judgment provided that "[t]he conveyances of that interest in the stock of Hanwinsel Farms, Inc., for no consideration by Sheldon G. Hansel to Eunice, Christy, Grant and Shelley Hansel were fraudulent under N.Y. Debt. & Cred. L. § 273."

Plaintiff now moves pursuant to Fed. R.Civ.P. 56 seeking summary judgment that one of the shares of stock fraudulently transferred to Eunice and re-transferred by her to Hope remains tainted and must be set aside.

## II. DISCUSSION

### A. Fraudulent Transfer of Stock to Eunice Hansel

■ The issue of whether Sheldon fraudulently conveyed 25 shares of stock in Hanwinsel to his mother, Eunice, has already been decided by this Court in its prior Memorandum—Decision & Order. *See Hansel*, 999 F.Supp. at 701 ("[T]here is no genuine issue of fact as to any of the

---

**2.** The Court did not address the merits of plaintiff's motion as to Hope Hansel because

she had not yet been added as a defendant.

elements of § 273. The conveyances were therefore fraudulent under New York law, and the Government is entitled to summary judgment against the transferees."). That finding is the law of the case and defendant has offered no reasons why the Court should not adhere to its prior ruling. *See Prisco v. A & D Carting Corp.*, 168 F.3d 593, 606 (2d Cir.1999). There are no new facts, intervening changes of law, or other factors demonstrating that the Court made an error of law requiring departure from the prior decision. *See id.*

Because plaintiff is a creditor, see *United States v. Kaplan*, 267 F.2d 114, 117 (2d Cir.1959); *United States v. Scharfman*, 1981 WL 1855, at * 5 (S.D.N.Y. Aug. 14, 1981), and the Court already found the transfers to be fraudulent pursuant to § 273, the Court need not consider whether the transfers were also fraudulent under § 276.

**B. Whether Hope Hansel is a Purchaser in Good Faith**

■ The Court's inquiry does not end there because Eunice re-transferred one share of Hanwinsel stock to Hope. Thus, the conveyance may be set aside only if Hope is not a purchaser in good faith. *See* N.Y. Debt. & Cred. L. §§ 278, 279; *Atlantic Bank of New York v. Toscanini*, 145 A.D.2d 590, 591, 536 N.Y.S.2d 132 (2d Dep't 1988).

Hope is the wife of Sheldon and was privy to all the stock transfers and the financial affairs of Sheldon, the farm and Hanwinsel. *See generally*, Jan. 8, 1998 Aff. of Hope Hansel. Thus, she knew, or reasonably should have known, the value of Sheldon's assets and liabilities, including the tax assessment, and the ramifications of the stock transfers. *See Schmitt v. Morgan*, 136 A.D.2d 792, 793, 523 N.Y.S.2d 252 (3d Dep't 1988).

■ Furthermore, Hope received her one share of stock from Eunice "in consideration of the 25 years that [Hope] had spent caring for Eunice [ ] in [her] home

and [ ] because the dedication that [Hope] had shown in maintaining the family farm convinced [Eunice] that [Hope] was in the best position to see that the farm continued to operate in accordance with [Eunice's] desires." *Id.* at 35. ·Hope stated at deposition that she did not have any contract with Eunice to provide services to her. *See* Dep. of Hope Hansel, at 9. Hope also did not include this share of stock as income on her 1995 tax return, which she would have been required to if, indeed, such stock was given to her as payment for services rendered.

These facts demonstrate that the transfer of the one share of stock was more akin to a gift than a conveyance for fair value in satisfaction of an antecedent debt. Aside from Hope's unsubstantiated and conclusory statements in her affidavit, there is no evidence of: (1) an antecedent debt owed to Hope by Eunice "for the labor she had supplied Eunice;" (2) an implied promise by Eunice to pay Hope for "services;" (3) an actual agreement by Eunice to pay Hope for 25 years of caring for her in their home; or (4) the value of any alleged antecedent debt. Even if the Court assumed that Eunice gave the share of stock to Hope in exchange for past services, this would not be a valid contract because it would be based upon past consideration, see *Pershall v. Elliott*, 249 N.Y. 183, 188, 163 N.E. 554 (1928); rather, it would have been a gift.

■ Accordingly, the facts support a finding that Hope Hansel was not a purchase in good faith because: (1) she knew the nature of the original conveyances, see *Anderson v. Blood*, 152 N.Y. 285, 293, 46 N.E. 493 (1897); *Schmitt*, 136 A.D.2d at 793, 523 N.Y.S.2d 252; *Farm Stores, Inc. v. School Feeding Corp.*, 102 A.D.2d 249, 255, 477 N.Y.S.2d 374 (2d Dep't 1984), *appeal dismissed*, 63 N.Y.2d 741, 480 N.Y.S.2d 208, 469 N.E.2d 529 (1984); and (2) she did not pay fair consideration for the one share of Hanwinsel stock. *See* N.Y. Cred. & Debt. L. § 278(2); *Gager v.*

*Pittsford Develop. Corp.*, 6 Misc.2d 873, 875, 164 N.Y.S.2d 324 (Sup.Ct.1957).

### III. CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment is **GRANTED**. The Court finds that: (1) the 1989 transfer of stock by Sheldon Hansel to Eunice Hansel was fraudulent under N.Y. Cred. & Debt. L. § 273; (2) Eunice Hansel was not a purchaser for fair consideration; (3) Hope Hansel was not a purchaser for fair consideration; (4) the stock conveyances must be set aside and Sheldon Hansel is the true owner of the subject one share of Hanwinsel stock; and (5) the United States may foreclose the tax liens on Sheldon Hansel's stock in Hanwinsel through judicial sale and a distribution of the proceeds to satisfy Hansel's liability to the United States. The United States is directed to submit an appropriate order within 30 days of the date of this decision upon which judgment may be entered.

**IT IS SO ORDERED.**